**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY S. RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 3912 EDA 2017 |

Appeal from the PCRA Order October 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014667-2013

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 01, 2019**

Anthony S. Rodriguez appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  Upon careful review, we affirm.

The PCRA court summarized the facts of Rodriguez's case as follows:

In the early morning hours on November 2, 2013, there was a report of a shooting at 6234 Bustleton Avenue at the Bamboo Club.  The complainant and [Rodriguez] (who arrived at the scene with co-defendant Edwin Acosta) exchanged words.  [Rodriguez] and Mr. Acosta then retrieved a firearm [from] a white Camry and re[-]approached the complainant and a group outside the club.  As words were exchanged, [Rodriguez] fired at the complainant, hitting him in the leg.  The complainant fell and attempted to get up and get into a car driven by an unidentified female.  [Rodriguez] went back to the Camry and while the female was driving away with the complainant in the backseat, [Rodriguez] fired at the car[,] striking the complainant in the back.  The complainant was taken to Einstein Hospital where he was treated for two gunshot wounds.  Meanwhile, officers who were in the area

_____
*   Retired Senior Judge assigned to the Superior Court.

and heard the gunshots arrived at the location. Two officers observed the white Camry drive away and followed the vehicle. During their pursuit, the officers saw the passenger side window go down and a gun was tossed from the car. They continued their pursuit but lost the vehicle. The officers went back and recovered the gun which was later determined to be operable with two (2) spent shell casings within the revolver. Further investigation led police to Mr. Acosta and the Camry as well as the female that was outside the bar. The investigation continued and [Rodriguez] was identified as the second shooter.

Pa.R.A.P. 1925(a) Opinion, 7/31/18, at 1–2 n.1.

On March 2, 2015, after reaching a fully negotiated plea agreement,[1] Rodriguez pleaded guilty to attempted murder, criminal conspiracy, and related firearms charges. Pursuant to the agreement, the court sentenced Rodriguez to twelve-and-one-half to thirty years' imprisonment for attempted murder, as well as concurrent sentences of ten to twenty years' imprisonment for criminal conspiracy, three-and-one-half to seven years' imprisonment for carrying a firearm without a license, and two-and-one-half to five years' imprisonment for carrying firearms on public streets in Philadelphia.

Before accepting Rodriguez's plea, the court, through the use of a Spanish-language interpreter, confirmed Rodriguez's awareness of the charges to which he was pleading guilty, his understanding of the maximum sentences associated with those charges, and the voluntary nature of his

---

[1] By entering a negotiated guilty plea, Rodriguez waived his right to "challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, at 609 (Pa. Super. 2013).

participation in the plea bargaining process. The court, satisfied that Rodriguez was informed of his rights and was pleading guilty of his own volition, accepted his plea agreement. Trial counsel informed Rodriguez of his right to file a direct appeal within thirty days.

Defendant failed to file a direct appeal. He filed a timely PCRA petition on September 22, 2015. On September 28, 2017, PCRA counsel filed a **Turner**/**Finley**[2] "no-merit" letter. On October 24, 2017, after issuing the requisite notice of intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, the PCRA court granted permission for counsel to withdraw and dismissed Rodriguez's petition. The instant appeal followed.

Rodriguez presents the following issues for review:

I.   Trial counsel was ineffective in coercing the innocent Appellant to [plead] guilty rather than face a subsequent life sentence.[3]

II.  Trial counsel was ineffective in failing to secure an interpreter during plea negotiations.

Brief of Appellant, at 7.

With respect to both issues, Rodriguez's argument lacks reference to a single instance where trial counsel either coerced him or failed to communicate the plea agreement in an understandable fashion. These claims, therefore,

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[3] Rodriguez is referring to facing a maximum sentence of seventy-two year's incarceration as a virtual life sentence, not a life term of incarceration.

are waived. *See Commonwealth v. Spotz*, 18 A.3d 244, at 323 (finding waiver for undeveloped claims). The only cognizable issue presented in the argument section of Rodriguez's brief is an assertion that "but for the ineffectiveness of his trial counsel, [Rodriguez] would not have entered the negotiated plea and would have proceeded to trial." *Id.*

"A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty."[4] *Commonwealth v. Kersteter*, 877 A.2d 466, at 468 (Pa. Super. 2005) (citation omitted). However, "[i]t is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted).

---

[4] Ineffectiveness, in connection with entering a guilty plea, serves as a basis for relief only where:

> the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Commonwealth v. Pier*, 182 A.3d 476, 479 (Pa. Super. 2018) (footnote and internal citations omitted).

In attempting to rebut the presumption of effectiveness, an appellant must offer more than mere conclusory allegations to establish entitlement to relief. *Commonwealth v. Cousar*, 154 A.3d 287, 299 (Pa. 2017). Moreover, "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa. Super. 2016) (citation omitted). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

The record reveals the oral guilty plea colloquy was communicated to Rodriguez through an interpreter who was sworn to accurately translate English into Spanish and vice versa. N.T. Guilty Plea, 3/2/15, at 2. Rodriguez agreed that all of his rights had been explained to him with the assistance of the interpreter. *Id.* at 5. Rodriguez further clarified that he reviewed all the rights and responsibilities set forth in his written colloquy form—a document which informs defendants, *inter alia*, of the right to a jury trial and the presumption of innocence. N.T. Guilty Plea, 3/2/15, at 3; Written Guilty Plea Colloquy, at 1–2. Rodriguez affirmed he was satisfied with his attorney's representation, he understood the charges to which he was pleading guilty and the maximum sentences associated with those charges, and he voluntarily

pleaded guilty in exchange for the agreed-upon penalty of twelve-and-a-half to thirty years' incarceration. N.T. Guilty Plea, 3/2/15, at 2–4. Rodriguez endorsed the Commonwealth's factual basis underpinning his charges, and asserted he was pleading guilty because he was, in fact, guilty. *Id.* at 6–11.

Upon review, we find Rodriguez's plea colloquy confirms he was furnished with the services of a translator, through whom Rodriguez communicated his satisfaction with the services of counsel, the veracity of the facts underpinning his conviction, and his understanding of benefits inured and rights foregone. *See Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) ("[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.") (citations omitted). As Rodriguez offers nothing to contradict the statements he made during his plea colloquy—statements which directly undermine the unsubstantiated assertion that, but for counsel's errors, Rodriguez would not have pleaded guilty—he is due no relief. *Cousar*, *supra* at 299.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/1/19

J-S82012-18