J-S53026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NELSON SOTO | |
| Appellee | No. 481 MDA 2015 |

Appeal from the PCRA Order February 11, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003614-2013

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                **FILED DECEMBER 11, 2015**

The Commonwealth appeals from the order entered on February 11, 2015, in the Court of Common Pleas of Berks County, granting Nelson Soto's Post Conviction Relief Act (PCRA) request to withdraw his guilty plea based on ineffective assistance of counsel.  In this timely appeal, the Commonwealth claims the PCRA court erred in determining trial counsel was ineffective for: (1) failing to file a motion to suppress evidence, (2) failing to advise Soto regarding the application of **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and (3) failing to explain the parole consequences of pleading guilty.  After a thorough review of the submissions by the parties, certified record and relevant law, we affirm.

We relate the underlying facts of the criminal incident as paraphrased from the affidavit of probable cause.  In the early morning hours of July 20,

2013, Reading Police Officer Nicholas Epolito was dispatched to the scene of a motor vehicle accident. Upon his arrival, several females were at the scene and they pointed toward a man, later identified as Soto, telling the officer "he's leaving, he's running, he said he had a parole warrant." Officer Epolito pursued Soto, catching up to him as Soto unsuccessfully attempted to scale a fence. Soto fought with Officer Epolito, attempting to evade capture. Soto was eventually subdued and during the search incident to arrest, he was found to be in possession of 32 baggies of what later proved to be cocaine. Soto was charged with a variety of crimes, including aggravated assault of a police officer, simple assault, possession with intent to deliver (PWID), disarming a police officer, resisting arrest, driving under the influence (DUI) and accidents involving damage to unattended vehicles or property.

No pre-trial motions were filed. On January 29, 2014, Soto entered into a negotiated guilty plea on charges of PWID, DUI and resisting arrest.[1] The negotiated aggregate sentence was for 3-10 years' incarceration plus a $10,000.00 fine. The sentence represents the three-year mandatory minimum sentence for possession of more than 2 grams of cocaine. *See* 18 Pa.C.S. § 7508(a)(3)(i). Subsequent to sentencing, Soto filed a motion to modify sentence, which was denied without analysis or comment.

---

[1] 35 P.S. § 780-113(a)(30)(cocaine), 75 Pa.C.S. § 3802(a)(1), and 18 Pa.C.S. § 5104, respectively.

Soto then filed this timely PCRA petition on June 17, 2014. Appointed counsel filed an amended petition alleging ineffective assistance of counsel, as noted above. Following a hearing, the PCRA court granted Soto's petition and allowed him to withdraw his guilty plea based upon the failure to file a suppression motion and to inform Soto regarding the application of *Alleyne*.[2]

Because we agree with the PCRA court's *Alleyne* determination, we will address that issue first.

The record reveals that Soto's negotiated minimum sentence of three years' incarceration, was based upon a mandatory minimum sentence that applied the possession of more than 2 grams of cocaine.

The United States Supreme Court issued the *Alleyne v. United States* decision on June 17, 2013. The incident upon which Soto's plea was based occurred on July 20, 2013, almost one month after the *Alleyne* decision. Soto's guilty plea took place on January 29, 2014, approximately six months after the *Alleyne* decision. *Alleyne* held that any fact that raises a mandatory minimum sentence is to be considered an element of the crime and must be submitted to the fact finder for determination beyond a

---

[2] Although the Commonwealth argues the PCRA court improperly granted Soto relief on the basis of a failure to explain the likely parole violation consequences, the PCRA court's Pa.R.A.P. 1925(a) opinion is silent on that issue. Therefore, we need not consider that issue.

reasonable doubt. Of specific relevance to this matter, 18 Pa.C.S. § 7508(b) stated:

> **(b) Proof of sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S. § 7508(b).

Accordingly, from the date the **Alleyne** decision was published, it was, or should have been, apparent that Pennsylvania's drug sentencing scheme, as set forth in section 7508, was constitutionally suspect. We also note that by December 2013, our Supreme Court stated the following:

> Furthermore, to the degree to which Appellant may attain recourse to the new **Alleyne** regime consistent with the developed principles of issue presentation and preservation and/or their exceptions, we also do not foreclose that the common pleas court may undertake traditional, individualized sentencing, based on **Alleyne**.

**See Commonwealth v. Hanson**, 82 A.3d 1023, 1040 (Pa. 2013).[3]

_____

[3] Our Supreme Court has recently accepted **Commonwealth v. Barnes**, 350 EAL 2014, for review. One of the issues for consideration is:

> Whether contemporaneous convictions of possession with intent, pursuant to 35 Pa.C.S. § 780-113, and possession of a firearm prohibited, pursuant to 18 Pa.C.S. § 6105, allow application of

*(Footnote Continued Next Page)*

Nonetheless, trial counsel testified to only a rudimentary consideration of the case and the implications to Soto.

Q: Okay. You would agree with me, Ms. Ebner, would you not, that the plea bargain that you arranged for Mr. Soto for the possession with intent to deliver count included a mandatory minimum of three years sentence?

A: Yes.

Q: And obviously at the time of the guilty plea and sentence for Mr. Soto you were aware of the United States Supreme Court decision in *Alleyne*?

A: Yes.

Q: Did you have discussions with Mr. Soto about the application of the United States Supreme Court decision in *Alleyne* to his case before his guilty plea?

A: Yes. When it came out I believe right after that we had met at the prison and he actually brought it to my attention. We discussed that – we discussed that Berks County hadn't made a decision, and quite frankly I don't think Berks County was thinking about making a decision at this point in time. We discussed that it was the middle of the standard range at the three years.

N.T. PCRA Hearing, 10/10/2014, at 9-10.

However, at the PCRA hearing, Soto testified counsel informed him he was receiving the mandatory minimum sentence. Specifically, Soto denied

*(Footnote Continued)* ────────────

the mandatory minimum sentence found at 42 Pa.C.S. § 9712.1 in light of our decision on *Commonwealth v. Hopkins*, ___ A.3d ___, 2015 PA.Lexis 1282 (decided June 15, 2015).

*See Commonwealth v. Barnes*, 305 EAL 2014, September 18, 2015. The ruling on this issue in *Barnes* is likely to have relevance to guilty pleas.

discussing the constitutionality of the mandatory minimum sentencing statute. *See* N.T. PCRA Hearing, 10/10/2014, at 28-29. That the Berks County judges had not yet addressed the applicability of *Alleyne* to negotiated guilty pleas was not a valid reason for counsel's failure to discuss *Alleyne* with her client before he accepted the guilty plea. In fact, our Court has held that *Alleyne* is applicable to a stipulation of weight in *Commonwealth v. Vargas*, 108 A.3d 858, 876-77 (Pa. Super. 2015) (*en banc*), which is evidence that the claim had arguable merit.

> "Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error." *Commonwealth v. Battle*, 883 A.2d 641, 647 (Pa. Super. 2005). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140, (Pa. Super. 2002). We will not disturb the PCRA court's findings unless the record fails to support those findings. *Id.*

> "A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Id.* at 141. "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." *Commonwealth v. Kersteter*, 877 A.2d 466, 468 (Pa. Super. 2005).

>> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. *See* [*Commonwealth v.*] *Lynch*[, 820 A.2d 728, 732 (Pa.

- 6 -

Super. 2003)]. "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. at 733 (*quoting* ***Commonwealth v. Hickman***, 2002 PA Super 152, 799 A.2d 136, 141 (Pa. Super. 2002)).

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* The petitioner bears the burden of proving all three prongs of the test. ***Commonwealth v. Meadows***, 567 Pa. 344, 787 A.2d 312, 319-20 (2001).

***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005).

***Kersteter***, 877 A.2d at 469-69 [sic]. Moreover, trial counsel is presumed to be effective. ***Commonwealth v. Carter***, 540 Pa. 135, 656 A.2d 463, 465 (1995).

***Commonwealth v. Rathfon***, 899 A.2d 365, 368-69 (Pa. Super. 2006).

Additionally,

- 7 -

> With regard to prejudice, in **Hickman,** we noted that "[t]o succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. *The 'reasonable probability' test is not a stringent one.*" **Hickman**, 799 A.2d at 141 (citations omitted; emphasis added). The Court in *Hickman* derived this standard from **Nix v. Whiteside**, 475 U.S. 157, 175, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986), which held that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."

***Id***. at 369-70.

In the instant matter, Soto has asserted that his decision to accept the offered guilty plea was based upon a false understanding of sentencing options and that he was not properly informed regarding the effect of ***Alleyne***. The PCRA court accepted that assertion and further determined that trial counsel had not properly discussed or considered the possible applications of ***Alleyne***. The record supports both these determinations. We note trial counsel helped Soto obtain what many would consider a favorable plea agreement – several serious charges, including assault of a police officer, were *nolle prossed*. However, that fact cannot cure the failure to adequately consider a constitutional infirmity. Having reviewed the certified record and determined the PCRA court's findings are supported by the record and there no errors of law in the resultant conclusions, we are obliged to affirm the order granting Soto permission to withdraw his guilty plea.[4]

---

[4] We also note that the Commonwealth has not claimed that it would suffer any prejudice in being required to try this matter.

Because we have resolved this issue and affirmed Soto's entitlement to relief based on our *Alleyne* analysis, we do not need to consider the claim regarding the failure to file a suppression motion.

Finally, we note that shortly before this decision was drafted, our Court issued the Opinion in *Commonwealth v. Melendez-Negron*, ___ A.3d ___, 2015 PA Super 2015 (9/25/2015), that addressed this same issue and came to the same conclusion. We adopt the sound reasoning of *Melendez-Negron* in supplement of this decision.

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2015