J-S50011-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN EDWARD HURLEY | : | |
| | : | |
| Appellant | : | No. 1750 WDA 2018 |

Appeal from the PCRA Order Entered December 6, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013182-2016

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.: FILED SEPTEMBER 20, 2019

Brian Edward Hurley appeals from the order, entered in the Court of Common Pleas of Allegheny County, denying his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

The following facts have been gleaned from the Commonwealth's recitation of facts at the guilty plea hearing in this matter. On July 8, 2016, Hurley struck a pedestrian while driving a motor vehicle in Bethel Park, Allegheny County. The victim was severely injured, rendered unconscious, and required hospitalization. Hurley fled the scene and was subsequently apprehended at a nearby convenience store, at which time police officers detected numerous indicia of impairment, including: the odor of alcohol; red,

_____

[*] Retired Senior Judge assigned to the Superior Court.

bloodshot, watery eyes; and dilated pupils. One of the responding officers, Officer Andrew Volchko, would have testified at trial that, based on his observations of Hurley, he formed an opinion that Hurley was unable to safely operate a motor vehicle. Hurley admitted to drinking alcohol and smoking marijuana and made inculpatory statements admitting to operating a motor vehicle and striking the victim, who continues to suffer from traumatic brain injury and other medical issues as a direct result of the incident.

Hurley was subsequently charged with numerous counts related to the accident and, on April 26, 2017, entered an open plea of guilty to one count each of aggravated assault by vehicle while driving under the influence ("DUI"),[1] accidents involving death or personal injury,[2] and DUI—controlled substance—impaired ability (second offense).[3] On September 26, 2017, Hurley was sentenced to a term of two to four years' incarceration, followed by five years of probation, for aggravated assault by vehicle and a concurrent term of 90 days' incarceration for DUI. Hurley did not file post-sentence motions or a direct appeal.

On May 1, 2018, Hurley filed a timely pro se PCRA petition. The PCRA court appointed counsel, who filed an amended petition on October 9, 2018. The Commonwealth responded and, on December 6, 2018, the PCRA court

_____

[1] 75 Pa.C.S.A. § 3735.1(a).

[2] 75 Pa.C.S.A. § 3742(a).

[3] 75 Pa.C.S.A. § 3802(d)(2).

held a hearing, after which the court denied relief. On December 12, 2018, Hurley filed a timely notice of appeal to this Court. Both Hurley and the PCRA court have complied with Pa.R.A.P. 1925. Hurley raises the following issue for our review:

> Did the [PCRA] court err when it failed to find Attorney [Barry] Palkovitz ineffective because he was not adequately prepared to take [Hurley's] case to trial, and this ineffectiveness cause [Hurley] to enter a guilty plea that was not intelligently, knowingly and voluntarily made?

Brief of Appellant, at 4.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. Commonwealth v. Spotz, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. Id.

Hurley's claim raises the ineffectiveness of counsel. The law presumes that counsel has rendered effective assistance. Commonwealth v. Harris, 852 A.2d 1168, 1173 (Pa. 2004). To establish counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner.

Commonwealth v. Burno, 94 A.3d 956, 964 n.5 (Pa. 2014); Strickland v. Washington, 466 U.S. 668 (1984).

> A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. The burden of proving ineffectiveness rests with the Appellant. To sustain a claim of ineffectiveness, Appellant must prove that the strategy employed by trial counsel was so unreasonable that no competent lawyer would have chosen that course of conduct. Trial counsel will not be deemed ineffective for failing to pursue a meritless claim.

Commonwealth v. Rega, 933 A.2d 997, 1019 (Pa. 2007).

Here, Hurley asserts that counsel's ineffectiveness caused him to enter an involuntary plea. "A criminal defendant has the right to effective counsel during a plea process as well as during trial." Commonwealth v. Rathfon, 899 A.2d 365, 369 (Pa. Super. 2006). "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." Id., quoting Commonwealth v. Kersteter, 877 A.2d 466, 468 (Pa. Super. 2005). In order to determine whether a defendant entered a plea knowingly, intentionally, and voluntarily, we must examine the plea colloquy. At a minimum, a plea colloquy must inform a defendant of: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to be tried by a jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the fact that the judge is not bound by the terms of any plea agreement. Commonwealth v. Bedell, 954 A.2d 1209, 1212 (Pa. Super. 2008). The adequacy of the plea colloquy and the voluntariness of the resulting plea must be ascertained based on the totality of the circumstances

surrounding the entry of the plea. Commonwealth v. Muhammad, 794 A.2d 378, 383-84 (Pa. Super. 2002). During the course of a plea colloquy, a defendant has a duty to answer questions truthfully and cannot later assert that he lied under oath. Commonwealth v. Turetsky, 925 A.2d 876 (Pa. Super. 2007).

Here, Hurley claims that counsel failed to properly investigate his case and prepare for trial. Specifically, Hurley asserts that the discovery provided by the Commonwealth did not establish that Hurley caused the accident, and that witnesses to the accident could not determine the color of the traffic light at the time he hit the victim. Hurley asserts that the Commonwealth would not have been able to convict him at trial of aggravated assault by vehicle while DUI and, had he been apprised of that fact by counsel, he would not have entered a guilty plea.[4] Hurley is entitled to no relief.

At the PCRA hearing, Hurley presented the testimony of his plea counsel, Attorney Palkowitz. Attorney Palkowitz testified that he began practicing criminal law in 1984. He stated that he investigated Hurley's case and reviewed the discovery, including multiple police reports and numerous witness statements. Attorney Palkowitz acknowledged that "there was contradicting evidence" as to how the accident occurred, but "given the mechanics of how this accident happened, [he] felt there was negligence" on Hurley's part. N.T. PCRA Hearing, 12/6/18, at 9. Attorney Palkowitz testified

_____

[4] Hurley's ineffectiveness claim pertains solely to his conviction for aggravated assault by vehicle.

that he met with Hurley to review discovery, and discussed with him his right to a jury trial and whether or not he should avail himself of that right. Attorney Palkowitz testified:

> It was decided not to go to trial because there was overwhelming evidence of what had happened. There was videotaped evidence, there was eyewitness evidence, and I felt that it was in his best interest that if he went to trial, given the evidence that was accumulated by the police against him, that he would come out in a far worse[] place than he would if we were able to do a negotiated plea with the D.A.'s office, acceptable by the Court.

Id. at 7. Ultimately, Hurley received a mitigated-range sentence.

In light of the foregoing, we are unable to conclude that the strategy employed by Attorney Palkowitz—advising Hurley to take a plea following investigation and review of the extensive discovery materials—was so unreasonable that no competent lawyer would have chosen that course of conduct. Rega, supra. Counsel articulated a reasonable basis for his advice and Hurley has not demonstrated that advice resulted in an involuntary guilty plea.

Moreover, Hurley completed a lengthy written plea colloquy and engaged in an extensive oral colloquy with the trial court prior to the entry of his plea. During the oral colloquy, the court explained the offenses to which Hurley was pleading guilty and advised him as to the maximum penalties associated with those crimes. See N.T. Plea Hearing, 4/26/17, at 2-4. Hurley acknowledged that Attorney Palkowitz explained to him: the elements of the charges against him; the facts the Commonwealth would have had to prove

to convict him; and any and all defenses available to him. See id. at 4-5. Hurley affirmed that he was satisfied with Attorney Palkowitz's representation and that no one had forced, threatened, or coerced him to give up his right to a jury trial. See id. When the court asked Hurley why he was pleading guilty, he responded "[b]ecause I am guilty, sir." Id. at 7. Hurley may not now obtain relief by asserting that he lied under oath at the time he entered his plea. Turetsky, supra.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2019