J-S12035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT FELDER :
:
Appellant : No. 3055 EDA 2023

Appeal from the PCRA Order Entered October 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003718-2019

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED MAY 29, 2025**

Appellant, Robert Felder, appeals from the post-conviction court's October 30, 2023 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant raises a single claim of plea counsel's ineffectiveness. After careful review, we affirm.

On October 15, 2020, Appellant pled *nolo contendere* to three counts of aggravated assault (18 Pa.C.S. § 2702(a)(1)). He also pled guilty to three counts of accidents involving death or injury (75 Pa.C.S. § 3742(a)(1)), and one count of possessing an instrument of crime (18 Pa.C.S. § 907(a)). Appellant's plea stemmed from the fact that on April 18, 2018, he drove a white Ford Explorer into pedestrians standing at a bus stop, significantly injuring three individuals, including an 18-year-old woman and two minors who were 17 and 13 years old. *See* N.T. Plea, 10/15/20, at 28-29. After striking the victims, Appellant fled from the scene, but was subsequently

detained by a civilian, Chafil Alvarez Hernandez, until police arrived and arrested Appellant. *Id.* at 29.

After Appellant's plea, a presentence report was prepared, and he proceeded to sentencing on February 19, 2021. The court imposed an aggregate term of 7 to 14 years' incarceration. Appellant filed a timely post-sentence motion for reconsideration of his sentence, which was ultimately denied on November 8, 2021. He did not file an appeal from his judgment of sentence.

Instead, on November 16, 2022, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf, arguing that Appellant's plea counsel, Stephanie Esrig, Esq., was ineffective for advising him to plead *nolo contendere* to the aggravated assault charges when the facts of Appellant's case did not meet the elements of that offense. On October 30, 2023, the court conducted an evidentiary hearing at which Appellant and Attorney Esrig testified. At the close of the hearing, the court denied Appellant's petition.

Appellant filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review: "Whether the [PCRA] court erred when it denied [Appellant's] PCRA claim that [plea] counsel was ineffective for advising [Appellant] to plead no contest to three counts of aggravated assault when the facts put forth on the record did not establish the elements of this crime." Appellant's Brief at 5.

We begin by recognizing that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)).  Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner.  To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner.  A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

In this case, Appellant argues that his plea counsel "was ineffective for advising [him] to plead no contest to three counts of aggravated assault when the facts put forth on the record did not establish the elements of this crime."

Appellant's Brief at 9. At the plea hearing, the Commonwealth stated the

facts, as follows:

> [The Commonwealth]: Back on April 18th of 2018 at approximately 4:43 PM at 1350 West Olney Avenue in the City and County of Philadelphia[,] [Appellant] was driving a white Ford truck with License Plate Number KYS-8656. It was a white Ford Explorer which was traveling eastbound on Olney Avenue.
>
> Your Honor, as he [was] coming down towards the Olney Bus Depot[,] … [Appellant] drove into the -- I don't have the correct word for it, the place where individuals sit.
>
> THE COURT: The bus stop.
>
> [The Commonwealth]: Sorry, Your Honor, I don't have the correct word.
>
> [Appellant d]rove into that and hit three individuals. One being Amani Fudge, who [was] 18. [The other victims were D.R.], [who was] 17[,] and [L.J.], Your Honor, [who was] 13.
>
> [Appellant] then fled from the scene and was chased by Chafil, C-h-a-f-i-l Alvarez [Hernandez, who] then proceeded to follow [Appellant] when he turned left onto Olney and proceeded to hold [Appellant] when [Appellant] then got out of his vehicle and held him until police officers came where [Appellant] was arrested, Your Honor.
>
> The injuries here [were] that [D.R.] suffered a seizure and loss [of] consciousness, waking up in the hospital. She was diagnosed with a concussion and still suffers from headaches and light sensitivity.
>
> Amani suffered injur[ies] to her knee and to her back.
>
> [L.J.] was injured in his hand. He was lucky and jumped mostly out of the way. His wrist was put in a brace[,] but he says he's mostly fine. However, he has been since diagnosed with PTSD from the incident, Your Honor.
>
> [Appellant] at that time made a statement to officers saying that he was not the driver of that vehicle, that he was in the passenger[] seat and that he was asleep at the time and didn't know what happened, Your Honor.

[Appellant] then -- there [were] also prison phone calls that placed [Appellant] in the driver[']s seat [and] that he was driving the vehicle, Your Honor. And that he should not have left the scene[,] but he did admit to giving the officers a fake name knowing that he was on probation, Your Honor.

That would be the sum and substance if [Appellant] was to proceed to trial.

N.T. Plea at 28-30.

Appellant contends that these facts fail to prove the *mens rea* element of aggravated assault. "In order to establish the crime of aggravated assault, the Commonwealth must prove beyond a reasonable doubt that the accused attempted 'to cause serious bodily injury to another or caused such injury ***intentionally, knowingly, or recklessly*** under circumstances manifesting extreme indifference to the value of human life.'" ***Commonwealth v. McHale***, 858 A.2d 1209, 1212 (Pa. Super. 2004) (quoting 18 Pa.C.S. § 2702(a)(1)) (emphasis added). Appellant argues that, here, there was no evidence that he acted intentionally or knowingly, and the facts were also insufficient to prove he acted recklessly when compared to other vehicular-accident cases. ***See*** Appellant's Brief at 13-18 (discussing ***Commonwealth v. Comer***, 716 A.2d 593, 596 (Pa. 1998) (finding that Comer's driving intoxicated and hitting two pedestrians was insufficient to prove recklessness for aggravated assault, where "the Commonwealth did not establish that [Comer] possessed the state of mind equivalent to that which seeks to cause injury"); ***Commonwealth v. O'Hanlon***, 653 A.2d 616, 618 (Pa. 1995) (finding the evidence insufficient to prove the increased degree of recklessness required by the aggravated assault statute where O'Hanlon,

- 5 -

while severely intoxicated, drove his vehicle through a red light and struck another vehicle); *McHale*, 858 A.2d at 1210 (concluding that, although McHale acted negligently by driving while intoxicated and crashing his vehicle into two pedestrians, his actions "did not rise to the level of recklessness required to support a conviction for aggravated assault" where there was no evidence that McHale drove with the intent to cause harm to others). Appellant insists that, as in *Comer*, *O'Hanlon*, and *McHale*, here, "there was no evidence put forth … that [Appellant] intentionally hit the individuals at the bus stop." Appellant's Brief at 16-17. Thus, he concludes that Attorney Esrig was ineffective for advising him to plead *nolo contendere* to the aggravated assault charges.

We disagree. "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilt." *Commonwealth v. Kersteter*, 877 A.2d 466, 468 (Pa. Super. 2005).

> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.[] § 9543(a)(2)(ii). *See* [*Commonwealth v.*] *Lynch*[, 820 A.2d 728, 732 (Pa. Super. 2003)]. "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 733 (quoting *Commonwealth v. Hickman*, … 799 A.2d 136, 141 (Pa. Super. 2002)).

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. 2017) (quoting *Kersteter*, 877 A.2d at 468).

In this case, the record demonstrates that Attorney Esrig acted competently by advising Appellant to plead *nolo contendere* to the aggravated assault charges, and that Appellant's decision to do so was knowing and voluntary. Initially, Appellant misstates the record when he claims there was no evidence that he ***intentionally*** hit the victims with this vehicle. At the PCRA hearing, it was revealed that Alvarez Hernandez (the civilian who detained Appellant after he struck the victims) provided a statement to police in which he claimed that Appellant said to him, "I was trying to crash into somebody that jumped me." ***See*** N.T. Hearing, 10/30/23, at 18-19. Appellant conceded that, prior to pleading guilty, he reviewed Alvarez Hernandez's statement with Attorney Esrig, and they discussed how "that evidence might have an impact on the fact[-]finder at trial[.]" ***Id.*** at 19.

More specifically, when Attorney Esrig took the stand at the PCRA hearing, she testified that she and Appellant discussed Alvarez Hernandez's statement, and she explained to Appellant "how transfer[red] intent work[s]." ***Id.*** at 49. ***See also*** 18 Pa.C.S. § 303(b)(1) ("When intentionally or knowingly causing a particular result is an element of an offense, the element is not established if the actual result is not within the intent or the contemplation of the actor unless: (1) the actual result differs from that designed or contemplated as the case may be, only in the respect that ***a different person or different property is injured*** or affected…[.]") (emphasis added). Attorney Esrig explained that, although Appellant denied having made that statement to Alvarez Hernandez, "he understood that it was evidence that

would be presented against him if it proceeded to trial. Because [of] his disagreement with that statement [being made,] that is why we decided to plead *nolo* [*contendere*] instead of guilty" to the crimes of aggravated assault. *Id.*

Later, Attorney Esrig reiterated that before Appellant entered his plea, they "discussed … the intent … necessary to make out the charges" and that if Alvarez Hernandez "testified in keeping with [his] original statement[,] that it would be enough to prove [the] intent necessary to make out the charges of aggravated assault if the fact[-]finder believed [him]." *Id.* at 53. Attorney Esrig further testified that she did not object to the Commonwealth's recitation of facts at the plea proceeding on the basis that it failed to prove Appellant's "mental state and criminal intent" because she did not believe it was in Appellant's best interest for her to demand that the "worst facts possible [be] entered onto the record." *Id.* at 55.

Based on this testimony, Appellant has failed to prove that Attorney Esrig acted ineffectively. Appellant conceded that he and Attorney Esrig discussed Alvarez Hernandez's statement to police, in which he claimed that Appellant had admitted to intentionally hitting the victims with his car. Appellant's admission makes his case distinguishable from those on which he relies. Furthermore, Attorney Esrig explained that if Appellant proceeded to trial and Alvarez Hernandez testified consistently with his statement, it would be sufficient to prove that Appellant committed aggravated assault under a

theory of transferred intent. Based on his discussions with Attorney Esrig, Appellant chose to plead *nolo contendere* to aggravated assault.

On appeal, Appellant does not acknowledge his alleged admission to Alvarez Hernandez, nor argue that it would have been insufficient to prove the intent necessary to support an aggravated assault conviction. He also does not develop any meaningful argument that Attorney Esrig acted unreasonably by not objecting to the adequacy of the factual recitation at the plea proceeding, or explain how he was prejudiced by her failure to do so. Presumably, the Commonwealth would have simply added a discussion of Appellant's admission to Alvarez Hernandez, had counsel objected. Thus, Attorney Esrig's decision not to object was reasonable, and Appellant was not prejudiced.

Accordingly, Attorney Esrig acted effectively by reviewing the evidence with Appellant, informing him that Alvarez Hernandez's statement was sufficient to convict him of aggravated assault, and advising Appellant to enter a *nolo contendere* plea to the aggravated assault charges.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/29/2025