**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH GEIGER | : | |
| | : | |
| Appellant | : | No. 1412 WDA 2025 |

Appeal from the PCRA Order Entered October 15, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008899-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH GEIGER | : | |
| | : | |
| Appellant | : | No. 1413 WDA 2025 |

Appeal from the PCRA Order Entered December 29, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008898-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH GEIGER | : | |
| | : | |
| Appellant | : | No. 1414 WDA 2025 |

Appeal from the PCRA Order Entered December 29, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008900-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEREMIAH GEIGER :
:
Appellant : No. 1415 WDA 2025

Appeal from the PCRA Order Entered December 29, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008893-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEREMIAH GEIGER :
:
Appellant : No. 1416 WDA 2025

Appeal from the PCRA Order Entered December 29, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008901-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEREMIAH GEIGER :
:
Appellant : No. 1417 WDA 2025

Appeal from the PCRA Order Entered December 29, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008895-2020

J-S16024-26

COMMONWEALTH OF PENNSYLVANIA    :   IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
                                :
                 v.             :
                                :
                                :
                                :
JEREMIAH GEIGER                 :
                                :
                 Appellant      :   No. 1418 WDA 2025

Appeal from the PCRA Order Entered December 29, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000013-2021


BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                    **FILED: June 10, 2026**

Jeremiah Geiger appeals from the orders dismissing his Post Conviction
Relief Act ("PCRA") petitions filed at each of the seven above-listed dockets.
We affirm.

This Court previously set forth the factual and procedural history of
these cases thusly:

> On October 22, 2021, [Appellant] pleaded guilty across seven
> cases to strangulation, a second-degree felony, and related
> offenses.[1]  He] stipulated to the factual bases of the offenses.  We
> synopsize the facts chronologically as follows.  At No. 8901-2020,
> [Appellant] admitted to choking A.V. on February 14, 2020, at
> around 11:00 a.m., and striking her with both a closed and an
> open hand.  At No. 8900-2020, [he] admitted to strangling [A.V.]
> on April 14, 2020 at about 6:00 p.m.  Responding officers
> observed recent red marks on A.V.'s neck.  At No. 8899-2020,
> [Appellant] admitted to, on April 22, 2020, pushing A.V. up
> against the wall and choking her until she could not breathe and
> punching her in the face three or four times.  Officers responded

---

[1] The same jurist, the Honorable Beth A. Lazzara, presided over the entirety
of these cases from Appellant's guilty pleas to the instant PCRA proceedings.

- 3 -

following a report from a third party and found A.V. sitting on the front porch of her residence crying, after which she relayed to them the details of the assault. At No. 0013-2021, [Appellant] admitted to, on May 8, 2020, punching A.V. in the body and face before pushing her up against a wall on the front porch and choking her with both hands around her throat until a witness, who was there to perform repairs on A.V.'s car, intervened and pulled [Appellant] off A.V. [Appellant] then took a fighting stance toward the witness before striking A.V. again and fleeing on foot. At No. 8898-2020, [Appellant] admitted to, on May 21, 2020, punching A.V. outside her left eye and strangling her by wrapping both hands around her throat before she pushed him off her and ran to a neighbor's house to call 911. A.V. later received texts from [Appellant] stating, "u snitch," and "ill [*sic*] fucking kill you." At No. 8895-2020, [Appellant] admitted to choking A.V., on June 22, 2020, with one hand to the point where she could no longer breathe; responding officers also observed bruising around A.V.'s left eye caused by [Appellant] punching her in the face the previous week. At No. 8893-2020, [Appellant] admitted to strangling A.V. on August 26, 2020, at approximately 4:42 p.m., while sitting in the back seat of her car while she was operating the vehicle. A.V. managed to pull the vehicle over and get out of the car, but [he] knocked her to the ground, got on top of her, and strangled her until a nearby witness started to yell for help. [Appellant] fled.

As part of the plea negotiations, the Commonwealth agreed that following [his] guilty plea across all seven cases, his sentence for three of the cases would run concurrently with every other case for the purpose of limiting his exposure significantly. The trial court deferred sentencing for the preparation of a presentence investigation report ("PSI").

The trial court held a sentencing hearing on March 8, 2022. At the sentencing hearing, the trial court indicated that it had reviewed the PSI. The Commonwealth informed the court that, while the PSI did not include mental health information, [Appellant] had been diagnosed as having ADHD, major depressive disorder, stimulant use disorder, and cannabis abuse disorder. [Appellant] did not otherwise supplement or offer corrections to the PSI. [His] mother and father testified on his behalf at the hearing. [Appellant] also exercised his right to allocution, during which he informed the court that he had only recently begun taking medication to help [his] mental health

state, and he had seen improvements, and that it was the best thing he ever did. [Appellant] stated, in response to questioning by the court, that he had not thought he needed [medication] at the time, and that he failed to seek treatment even though others told him as he got older and progressed in life that he needed medication.

The trial court sentenced [Appellant] to, *inter alia*, three to six years of incarceration for strangulation at No. 8893-2020; three to six years of incarceration for strangulation at No. 8898-2020 to be served consecutively; and three to six years of incarceration for strangulation at No. 8901-2020 to be served consecutively. [In addition to his aggregate prison sentence of nine to eighteen years, the court imposed a ten-year probationary tail.] Following several *pro se* filings, [Appellant]'s newly-appointed counsel filed at each docket number *nunc pro tunc* motions to file post-sentence motions, which the trial court granted. He subsequently filed post-sentence motions for a sentence modification, which the trial court denied.

*Commonwealth v. Geiger*, 304 A.3d 736, 2023 WL 5093896, at *1–2 (Pa.Super. 2023) (non-precedential decision) (cleaned up). He appealed the discretionary aspects of his sentence in each case. Upon review, we affirmed. *Id*.

Appellant timely filed a *pro se* PCRA petition at one of the dockets listed above.[2] The PCRA court appointed counsel, who determined that Appellant sought to file petitions in all seven cases. Following multiple extensions, Appellant filed identical amended PCRA petitions at each of the implicated dockets. Therein, he challenged the effectiveness of plea counsel based upon counsel: (1) not seeking deferral of payment of fines and costs; and (2) for

---

[2] This filing does not appear in the certified record. However, in light of PCRA counsel being appointed within one year of Appellant's judgment of sentence becoming final, we deduce that it was timely.

failing to withdraw his plea as involuntarily entered. The Commonwealth submitted an answer in opposition. The PCRA court issued notice of its intent to dismiss the petitions without a hearing pursuant to Pa.R.Crim.P. 907. It concluded that Appellant did not establish prejudice on the deferment issue, and further found Appellant's contention that his pleas were unlawfully induced to be contradicted by the record. After receiving no response, the court dismissed the PCRA petitions.[3]

These timely appeals followed, which we consolidated *sua sponte*. Appellant complied with the court's directive to file a Pa.R.A.P. 1925(b) concise statement.[4] The PCRA court referred us to the reasoning outlined in its Rule 907 notice. In this Court, Appellant presents two issues for our consideration:

I. Did the lower court err in denying the PCRA petition without a hearing insofar as [Appellant] set forth a meritorious claim that counsel was ineffective for failing to request deferral of payment of court fines and costs?

II. Did the lower court err in denying the PCRA petition without a hearing insofar as [Appellant] set forth a meritorious claim that his guilty plea was not knowingly, intelligently and voluntarily entered where counsel misled [Appellant] by assuring him that if he pleaded guilty in the above-captioned

---

[3] Although the dismissal order stated it was intended to dispose of all seven petitions, it was only filed at No. 8899-2020. Following a rule to show cause order from this Court, the order was entered at the remaining docket numbers. Therefore, we deem all seven notices of appeal as timely filed. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

[4] We remind the PCRA court that it must include the address to which the statement can be mailed. **See** Pa.R.A.P. 1925(b)(3)(iii).

cases, he would get time served and some years of probation as long as he completed mental health court; and counsel was ineffective for not moving to withdraw the invalid plea?

Appellant's brief at 5 (cleaned up).

We begin with the principles generally governing our review:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions. Further, it is an appellant's burden to persuade us that the PCRA court erred and that relief is due.

*Commonwealth v. Pitt*, 313 A.3d 287, 293 (Pa.Super. 2024) (cleaned up).

Appellant's first claim assails the effectiveness of plea counsel, which we review pursuant to the following:

Counsel is presumed to be effective, and the petitioner bears the burden of proving otherwise. To do so, he must establish the following three elements: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. Additionally, we are not required to analyze the elements of an ineffectiveness claim in any particular order.

*Id*. (cleaned up).

Specifically, Appellant argues that counsel rendered ineffective assistance by failing to ask the court to exercise its discretion and defer his responsibility to remit payments for the imposed costs and fines until his parole. *See* Appellant's brief at 11-13. He relies upon 42 Pa.C.S.

§ 9728(b)(5) and a Commonwealth Court decision to argue that the Department of Corrections must abide by any delay language added by a sentencing court regarding the collection of fines and costs.[5] *Id*. at 12-13. At bottom, Appellant avers that the current deductions have placed a financial strain upon himself and his parents, who have been sending him money each month. *Id*. at 13-14.

We will assume for purposes of our review that the sentencing court had the ability to direct when collection would begin. *See Commonwealth v. Brown*, 287 A.3d 866, 2022 WL 9655220, at *6 (Pa.Super. 2022) (non-precedential decision) (concluding "that trial courts have the authority to defer the payment of court costs"). Even so, the PCRA court found that Appellant had failed to establish he was prejudiced by counsel's inaction:

> [T]his court, without hesitation, would have denied any such request given the egregious nature of [Appellant]'s . . . conduct. [Appellant] was sentenced on seven separate felony strangulation cases, all involving the same victim, all occurring within the span of six months. As such, [Appellant] cannot establish that he was prejudiced by the failure of plea counsel to request deferment because this court would not have given [Appellant] any further breaks beyond accepting the parties' negotiated agreement as to the concurrent sentencing scheme.

Notice of Intention to Dismiss, 9/10/25, at 3 (parenthetical numbers omitted).

_____

[5] We note with extreme displeasure that a significant portion of Appellant's argument for this issue is lifted verbatim from this Court's analysis in *Commonwealth v. Brown*, 287 A.3d 866, 2022 WL 9655220 (Pa.Super. 2022) (non-precedential decision), without proper quotation or even citation. *Compare id*. at *5-6 *with* Appellant's brief at 11-13.

Certainly, since the same jurist handled his PCRA and sentencing, the PCRA court knew whether the outcome of the sentencing proceedings would have been different had counsel made such a request. Having concluded that such an entreaty would not have been accommodated by the sentencing court, the record supports the PCRA court's conclusion that Appellant did not establish prejudice. Accordingly, we discern no error in the court's dismissal of this claim for failure to satisfy that prong of the ineffectiveness test.

Next, Appellant seeks to withdraw his guilty plea pursuant to 42 Pa.C.S. § 9543(a)(2)(ii), because he claims it was involuntarily entered based upon counsel's misrepresentation about the length of sentence he would receive. **See** Appellant's brief at 16-19. It is axiomatic that a defendant need not "be pleased with the results of the decision to enter a guilty plea; rather all that is required is that [the] decision to plead guilty be knowingly, voluntarily and intelligently made." **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa.Super. 2012) (cleaned up). In that regard, "a defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilt." **Commonwealth v. Kersteter**, 877 A.2d 466, 468 (Pa.Super. 2005) (cleaned up). In reviewing such a claim, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Lynch**, 820 A.2d 728, 733 (Pa.Super. 2003) (cleaned up). However, we have clarified that "a defendant is bound by the statements made during the plea colloquy, and a defendant may not later

offer reasons for withdrawing the plea that contradict statements made when he pled." ***Brown***, 48 A.3d at 1277 (cleaned up).

According to Appellant, his plea counsel "assured him that the court would sentence him to time-served along with some years of probation as long as he completed Mental Health Court[.]" Appellant's brief at 16. After he received a lengthy prison sentence, which obviously did not match that expectation, he purportedly asked his attorney to withdraw his plea. When counsel did not file such a motion, Appellant moved *pro se* to withdraw his plea. Since he was still represented by counsel, that *pro se* filing was properly treated as a legal nullity. ***Id***. at 16-17. Appellant nonetheless insists "that counsel misled him" and he "would not have pleaded guilty but would have proceeded to trial had he not relied on his attorney's promise." ***Id***. at 17-18.

In light of its examination of the record and recollection of the plea and sentencing proceedings, the PCRA court rejected Appellant's allegation that counsel had made such a misrepresentation. The PCRA court explained its findings as follows:

> The oral and written plea colloquies that [Appellant] completed at the time of his plea collectively established, among other things, that he was not forced, threatened or coerced into pleading guilty and that he was not promised anything by anyone in exchange for his plea, other than what was promised by way of the negotiated plea agreement. [Appellant] further (i) confirmed his awareness and understanding of the pertinent information regarding the factual basis underpinning his charges, (ii) confirmed his understanding of his maximum sentencing exposure, (iii) confirmed that he was not under the influence of any drugs or medication that impaired his ability to understand the proceedings, and (iv) that he did not have any mental or physical

infirmity that impaired his ability to participate in the proceedings and understand them fully. [Appellant] also represented that he read and understood all of the questions in the written plea colloquy, that he answered all the questions therein truthfully and honestly, and that the colloquy was completed with the assistance, advice, and supervision of counsel.

Notice of Intention to Dismiss, 9/10/25, at 3-4 (cleaned up). Furthermore, it noted that "[d]espite having ample opportunity to do so, [Appellant] never expressed any indication that the circumstances were contrary to his understanding[.]" *Id*. at 6. Rather, the court deduced that his "silence speaks volumes and renders his current claim entirely incredible." *Id*. In sum, the PCRA court held:

> [B]ecause [Appellant] is bound by the sworn statements that he made under oath and cannot subsequently contradict those statements to subvert his plea, and because the evidence of record unequivocally establishes that [he] was not falsely promised a time-served sentence in exchange for his plea, his second claim must fail.

*Id*. Based on the foregoing, the court dismissed this claim without a hearing.

The PCRA court's reasoning is supported by the record. During the oral colloquy, the plea court clarified that there was an agreement that three of the dockets would run concurrently, but there was no agreement as to the remaining four dockets. *See* N.T. Plea, 10/22/21, at 15-16. Furthermore, the court afforded Appellant the opportunity to discuss with his counsel the maximum penalties for each charge prior to entering his guilty plea, and he affirmed his understanding of the penalties he was potentially facing by pleading. *Id*. at 6-11. Finally, he acknowledged that he was not promised

anything beyond the three concurrent sentences in exchange for his guilty plea. *Id*. at 6.

At his sentencing hearing, counsel explained that Appellant had been incarcerated for eighteen months, and "ask[ed] the [c]ourt to fashion some kind of sentence to give him help." N.T. Sentencing, 3/8/22, at 13. Considering the brutality of the assaults on the same victim within a short period of time, however, the Commonwealth implored the court to sentence him in the aggravated range of the guidelines to eighteen to thirty-six years of incarceration. *Id*. at 16.

As noted, the court sentenced Appellant to an aggregate term of imprisonment of nine to eighteen years, followed by ten years of probation. After the court detailed this sentence, Appellant confirmed that it was "three years, three years, three years" for a total period of "9 to 18 years" in prison, followed by probation, and that "[he]'ll get credit for the time [he's] been incarcerated." *Id*. at 28-29. Appellant voiced no confusion or surprise about receiving a sentence that exceeded his period of credit, and certainly offered no objection.

Thus, our review of the certified record bears out the PCRA court's conclusions that the underlying claim lacks merit. While Appellant plainly wanted to ensure he was receiving credit towards his sentence for the time he had served, at no point did he indicate that he expected a time-served sentence. Since he testified that the only promise he received in exchange for his plea was that three of his cases would run concurrently, he may not

- 12 -

now claim that he was induced to plead guilty because his attorney assured him that his aggregate sentence would equal the amount of time he had served.  ***See Brown***, 48 A.3d at 1277.

Accordingly, we affirm the orders dismissing Appellant's PCRA petitions.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/10/2026