J-S50025-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT DAVID CALDWELL, II | : | |
| | : | |
| Appellant | : | No. 297 WDA 2019 |

Appeal from the PCRA Order Entered January 28, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001359-2015

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    FILED OCTOBER 11, 2019

Robert David Caldwell, II (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

Appellant was charged with one count each of unlawful contact with a minor, criminal use of communication facility, display obscene/sexual materials, and corruption of minors; he was also charged with two counts of child pornography.[1]  Following a preliminary hearing, privately retained counsel, David Shrager, Esquire (Plea Counsel), received an offer from the district attorney's office, which provided that in exchange for a guilty plea, Appellant would receive intermediate punishment, i.e., house arrest.  For

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6318, 7512(a), 5903(A)(1), 6301, and 6312(D).

reasons unclear from the record, the Commonwealth subsequently rescinded this offer. Thereafter, Plea Counsel advised Appellant to enter an open guilty plea. According to Plea Counsel, "[t]here was a lot of potential consequences for going to trial, certainly a lengthier jail time here in state court and there was potential for the Federal Courts to adopt this case, which would have made it a more significant matter as well." PCRA Hearing, 9/27/18, at 5.

Ultimately, Appellant agreed to enter an open guilty plea, which the trial court accepted on July 28, 2016. On December 22, 2016, Appellant appeared before the trial court for sentencing. Plea Counsel made the following argument:

> [T]he best way to satisfy [the factors the court must consider in sentencing] is through community based punishment. That means continued treatment and probation which is squarely in the guidelines. If the Court is uncomfortable with that certainly we would understand that and a sentence of Intermediate Punishment [would be appropriate]. That way [Appellant] can continue with [his] treatment, [he] can continue to hopefully be gainfully employed and [he] can move forward.

N.T., 12/22/16, at 53.

In considering intermediate punishment, the court engaged in the following discussion with Elizabeth Lorince (who is not identified on the record but appears to be a probation officer), the Commonwealth, and Plea Counsel:

> THE COURT: Elizabeth, what, if any, problems do I have with [intermediate punishment] and interstate? I mean is [intermediate punishment] even on the table?
>
> MISS LORINCE: No, unless it would be, the ineligibility would have to be waived by the District Attorney.

[THE COMMONWEALTH]: And we will not waive it, Judge.

THE COURT: The ineligibility is because of the nature of the offense.

MISS LORINCE: Yes.

[PLEA COUNSEL]: Your Honor, if I may –

THE COURT: In the absence of [intermediate punishment] is there something else you want to say?

[PLEA COUNSEL]: If I could, Your Honor. I believe, and I could be wrong, but the fact that [Appellant is] ineligible because of that's Probation's guidelines here in Fayette –

THE COURT: It's statutory.

[PLEA COUNSEL]: I believe [he is] eligible for [intermediate punishment], Your Honor. I get [intermediate punishment] for my clients –

[THE COMMONWEALTH]: No, they are not, Judge.

[PLEA COUNSEL]: Statutorily?

[THE COMMONWEALTH]: They are not eligible because of the nature of the crimes.

THE COURT: I'd be happy to take a minute and let you look at it.

[PLEA COUNSEL]: I'll have to pull that up, Judge, but in Allegheny County we do it all the time.

[THE COMMONWEALTH]: They may do it in another county but the law is very clear that they are not eligible for [intermediate punishment].

N.T., 12/22/16, at 55-56 (emphasis added).

At the conclusion of the hearing, the court sentenced Appellant to one to seven years of incarceration for one count of child pornography, a

concurrent sentence of one to seven years of incarceration for criminal use of a communications facility, and a consecutive sentence of one to five years of incarceration for display of obscene and other sexual materials. No further penalty was imposed. On December 29, 2016, Appellant filed a post-sentence motion for reconsideration, which the trial court denied on January 3, 2017. Appellant filed an appeal to this Court, which affirmed his judgment of sentence on October 19, 2017. Commonwealth v. Caldwell II, 189 WDA 2017 (Pa. Super. Oct. 19, 2017) (unpublished memorandum).

On March 21, 2018, Appellant filed the underlying PCRA petition through newly retained counsel. The PCRA court convened a hearing on September 17, 2018. In his petition, and at the evidentiary hearing, Appellant alleged that he pled guilty as a result of Plea Counsel's ineffectiveness. Specifically, Appellant argued that he pled guilty because Plea Counsel erroneously led him to believe that he was eligible for intermediate punishment.

The General Assembly defines an eligible offender as follows:

"Eligible offender." Subject to section 9721(a.1) (relating to sentencing generally), a person convicted of an offense who would otherwise be sentenced to a county correctional facility, who does not demonstrate a present or past pattern of violent behavior and who would otherwise be sentenced to partial confinement pursuant to section 9724 (relating to partial confinement) or total confinement pursuant to section 9725 (relating to total confinement). The term does not include an offender who has been convicted or adjudicated delinquent of a crime requiring registration under Subchapter H of Chapter 97 (relating to registration of sexual offenders) . . . .

42 Pa.C.S.A. § 9802. As noted by the trial court at sentencing, Appellant was statutorily barred from receiving a sentence of intermediate punishment because Appellant pled guilty to a crime that required registration under 42 Pa.C.S.A. § 9718.2. Thus, Appellant asserted that he should be permitted to withdraw his guilty plea based on the unsound advice of Plea Counsel.

On January 28, 2019, the PCRA court denied Appellant's petition. The court reasoned that because there was no plea agreement as to Appellant's sentence, the court had the discretion to impose Appellant's sentence, and "any prior offer of intermediate punishment or attempt to obtain was not going to be successful." PCRA Court Opinion, 1/28/19, at 3. Appellant filed this timely appeal, in which he presents a single issue for our review:

> Whether the PCRA Court erred in refusing to set aside the Appellant's plea on the basis of ineffective assistance of counsel when Appellant's plea counsel advised Appellant that he was eligible for intermediate punishment prior to his plea when in fact he was statutorily ineligible.

Appellant's Brief at 4 (suggested answer omitted).

Appellant's claim for ineffective assistance of counsel in connection with advice rendered during his guilty plea is cognizable under the PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(2)(ii). See Commonwealth v. Lynch, 820 A.2d 728, 731-32 (Pa. Super. 2003) ("If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief."); Commonwealth v. Rathfon, 299 A.2d 365, 369 (Pa. Super. 2006). We review the denial of PCRA relief by

"examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." Commonwealth v. Busanet, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." Id.

Appellant challenges Plea Counsel's effectiveness in relation to Appellant's guilty plea. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. Commonwealth v. Bomar, 104 A.3d 1179, 1188 (Pa. 2014). To overcome the presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." Id. (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. Id.

The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. Commonwealth v. Wah, 42 A.3d 335, 338 (Pa. Super. 2012). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the

defendant to enter an involuntary or unknowing plea." Commonwealth v. Moser, 921 A.2d 526, 531 (Pa. Super. 2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Id. (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." Id. (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

Commonwealth v. Kelley, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted); see also Pa.R.Crim.P. 590.

Appellant argues that Plea Counsel affirmatively misled Appellant to believe that he would receive intermediate punishment if he pled guilty. Accordingly, Appellant contends that he should be permitted to withdraw his guilty plea due to Plea Counsel's ineffectiveness. Appellant cites Commonwealth v. Hickman, 799 A.2d 136 (Pa. Super. 2002), in which this Court found ineffective assistance where counsel incorrectly assured the appellant that he would be eligible for boot camp after serving two years of his sentence. Despite plea counsel's assurance to the contrary, under controlling law, the appellant would never become eligible for boot camp, and would not even be eligible for parole until four years into his sentence. Under these circumstances, we concluded that due to counsel's "ignorance of relevant sentencing law, counsel's advice was legally unsound and devoid of any reasonable basis designed to effectuate [the appellant's] interests." Id. at 141 (citing Hill v. Lockhart, 474 U.S. 52, 62 (1985)). We further found that the appellant was prejudiced by counsel's error because the record showed that the appellant would have pled not guilty and proceeded to trial had he understood the consequences of his guilty plea. Thus, we held that the appellant could withdraw his plea. Id. at 141-42; accord Commonwealth v. Kersteter, 877 A.2d 466 (Pa. Super. 2005) (finding plea

counsel ineffective for failing to correct the trial court's erroneous determination that the appellant would be eligible for boot camp).

Consistent with Hickman, we find that Appellant has pled and proven that his challenge to Plea Counsel's ineffectiveness has arguable merit. As set forth above, erroneous legal advice by counsel regarding the consequence of a plea, whether the consequence lies in the discretion of the trial court or is prescribed by statutes or regulations, may constitute a basis for PCRA relief. Appellant alleges that he was given such advice.

We likewise find that, based on Plea Counsel's ignorance of relevant sentencing law, Plea Counsel's advice was legally unsound and devoid of any reasonable basis designed to effectuate Appellant's interests. See Hill, supra; Baker v. Barbo, 177 F.3d 149, 154 (3d Cir. 1999) (acknowledging that an attorney can be ineffective by giving a defendant false information about sentencing); Meyers v. Gillis, 142 F.3d 664 (3d Cir. 1998) (finding representation fell below that required by Sixth Amendment when counsel misrepresented parole eligibility to a defendant entering a guilty plea).

Here, Plea Counsel gave Appellant reason to believe that he was eligible for intermediate punishment, when in fact, Appellant was statutorily ineligible based on his convictions requiring him to register as a sex offender. Plea Counsel stated to the trial court that he believed Appellant was eligible for intermediate punishment. N.T., 12/22/16, at 56. Plea Counsel added, "I get [intermediate punishment] for my clients" and "in Allegheny County we do it

all the time." Id. There was no reasonable basis for Plea Counsel to give that advice or make those statements when Appellant was statutorily ineligible for intermediate punishment.

Having concluded that Appellant has met the first two prongs of Bomar, we consider the third prong, which is whether Appellant has pled and proven that Plea Counsel's ineffectiveness caused him prejudice. In this context, prejudice may be established by Appellant demonstrating a reasonable probability that he would have opted to go to trial rather than plead guilty had he been given legally sound advice. Barndt, 74 A.3d at 192.

Appellant claims that he would have pled "not guilty" and gone to trial if not for Plea Counsel's advice that he was eligible for intermediate punishment. However, the PCRA court rejected this claim because it did not find Appellant's testimony on this subject to be credible. The record supports the court's finding. At the PCRA hearing, Appellant gave the following testimony:

> [PCRA COUNSEL]: Okay. And so could you describe the conversation as to what [Plea Counsel] advised you as to the federal charges?
>
> [APPELLANT]: The federal charges, he said, if you try anything – if you want to try habeas corpus and I didn't know what it was and suppression of evidence, he said it is all instantly going to be referred for federal charges which will bring you up to nineteen years in prison. He said, you will never win. The Feds always win.
>
> [PCRA COUNSEL]: Okay. Did he advise you that – whether or not the feds bringing charges is discretionary with them and not – or was it an absolute that they were going to take the case?

[APPELLANT]: It was an absolute.

[PCRA COUNSEL]: Based on that advice, what did you decide to do?

[APPELLANT]: We decided at that point in time to go with the open plea.

PCRA Hearing, 9/27/18, at 27 (emphasis added). Likewise, Plea Counsel testified that during his discussions with Appellant, he advised Appellant of the risks of entering a "not guilty" plea and going to trial, and recommended that Appellant plead guilty to avoid possible federal charges. Id. at 5. Although Appellant now claims that he only pled guilty because of Plea Counsel's unsound legal advice regarding his eligibility for intermediate punishment, Appellant's testimony and Plea Counsel's testimony demonstrates otherwise. Accordingly, Appellant has failed to satisfy the prejudice prong of the ineffectiveness test and is not entitled to post-conviction relief.

Order affirmed.

Judge Colins joins the memorandum.

Judge Lazarus concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2019

- 11 -