J-S47019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                              :  PENNSYLVANIA
                                              :

             v.                           :

TISHAUN T. BLACK                   :
                                              :
           Appellant           :  No. 288 MDA 2020

Appeal from the PCRA Order Entered January 24, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005891-2016

BEFORE:   STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:           **FILED APRIL 08, 2021**

Appellant Tishaun T. Black appeals from the order denying, following an evidentiary hearing, his timely first petition filed under the Post Conviction Relief Act[1] (PCRA).   Appellant argues that the PCRA court erred in rejecting his claim that trial counsel provided ineffective assistance by failing to object to a defective stipulated bench trial colloquy.   We affirm.

The trial court set forth the following factual history:

At the suppression hearing, the Commonwealth presented the testimony of Police Officer Nicholas Ishman of the Harrisburg Police Department.   Officer Ishman has been a police officer for nine years.   Officer Ishman testified to the events that took place on September 17, 201[6], the date of the incident.   Officer Ishman has had numerous prior contacts with Appellant, including prior drug arrests and was aware of a prior arrest.[fn10] From following

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant on social media, Officer Ishman was aware that Appellant sometimes goes by the nickname "Boobie."

[fn10] Officer Ishman follows Appellant on social media.

Around 10:30 p.m. on the night of the incident, Officer Ishman was talking to a confidential informant ("CI") who set up a drug buy for an ounce of crack. The CI informed Officer Ishman that the purchase would be from someone named "Boobie." The CI sent a text message to 717–[XXX–XXXX] asking for food (food is sometimes used as a code word for crack). The CI also arranged to purchase an 8th of an ounce of marijuana. Between texting and phone calls, the deal was to take place at 2743 Reel Street in Harrisburg, Pennsylvania. Officer Ishman testified that he knew that Appellant's parole address was 2743 Reel Street and that this is a high drug crime area. As Officer Ishman and the CI approached Reel Street, the CI received a phone call from the same number as mentioned above. The CI relayed to Officer Ishman that the person on the other end of the phone call was standing in the middle of the street. When Officer Ishman turned onto Reel Street, he saw Appellant standing in the middle of the street and no one else around at that time.[fn11] As Officer Ishman pulls up to Appellant, Appellant immediately starts running. After 20-30 yards, Appellant lies down and Officer Ishman approaches him and does a pat down. During this pat down, Officer Ishman felt a package that he immediately knew to be marijuana. Officer Ishman removed a large Wal-Mart bag from Appellant's pocket which contained a large amount of marijuana and a large amount of crack cocaine, a digital scale, two Oxycodone pills (in the marijuana), two cell phones, and $300 in cash. Finally, on direct-examination, Officer Ishman testified that he has prior experience in narcotics investigation[,] including academy training in narcotics and has made hundreds of marijuana arrests throughout his career.

[fn11] The CI reached out to Appellant around 1:00 a.m. in the early morning hours.

On cross-examination, Officer Ishman testified that the CI was recently arrested and was looking for a way to help himself out. Officer Ishman further testified that he did not see any controlled substance and that he never heard who the CI was talking to on the phone.

Trial Ct. Op., 8/23/17, at 2–5 (record citations and some footnotes omitted).

Appellant filed an omnibus pre-trial motion on February 15, 2017, seeking to suppress the evidence seized from Appellant because the police unlawfully arrested Appellant. The trial court held a suppression hearing on March 2, 2017, and denied the suppression motion on April 6, 2017.

On June 22, 2017, the Commonwealth informed the trial court that the parties had reached an agreement to have a stipulated bench trial. At that time, Michael O. Palermo, Jr., Esq. (trial counsel), represented Appellant. The following colloquy occurred:

[The Commonwealth]: Mr. Black, how far did go in school?

[Appellant]: Graduated high school. 12th grade.

[The Commonwealth]: So you read, write, and understand the English language?

[Appellant]: Uh-huh.

[The Commonwealth]: Yes?

[Appellant]: Yes.

[The Commonwealth]: You understand the charges in this case that I had stated a moment ago? Manufacturing or possession with intent to deliver a controlled substance, that being cocaine and marijuana in this case; two counts of possessing drug paraphernalia; one count of possessing a controlled substance; as well as the criminal use of a communication facility.

Do you understand what those charges are?

[Appellant]: Yes.

[The Commonwealth]: Did you have an opportunity to discuss with your attorney the maximum possible penalties that you would be facing for those charges?

[Appellant]: Yes.

[The Commonwealth]: You understand that for these charges you have a right to have a trial by jury?

[Appellant]: Yes.

[The Commonwealth]: And that would involve 12 members of the community hearing evidence and all 12 of those jurors would have to agree unanimously that the Commonwealth had proven this case beyond a reasonable doubt before they could find you guilty. Do you understand that?

[Appellant]: Yeah.

[The Commonwealth]: And the burden would be on the Commonwealth to prove you guilty beyond a reasonable doubt. You would be presumed innocent and the jurors would not be allowed to hold it against you if you didn't present any evidence or any testimony of any kind. Do you understand that?

[Appellant]: Yes.

[The Commonwealth]: And did you discuss with your attorney the decision to waive your right to a jury trial?

[Appellant]: Yes.

[The Commonwealth]: My understanding is -- we had a suppression hearing in this case. My understanding is that you want to preserve that suppression issue for appeal; is that right?

[Appellant]: Yes.

[The Commonwealth]: Is that part of the decision to waive your right to a jury and proceed today?

[Appellant]: Yes.

[The Commonwealth]: Any other questions, Your Honor, that the Court would want answered?

THE COURT: Do you understand . . . that if you do proceed nonjury, without a jury, you're still presumed to be innocent and it's still the Commonwealth's burden to prove your guilt beyond a reasonable doubt. Do you understand all of that?

[Appellant]: Yes.

THE COURT: And you can still participate in your defense. You can still cross-examine witnesses, present evidence if you wish,

testify on your own behalf if you wish, and so forth. Do you understand all of that?

[Appellant]: Yes.

THE COURT: All right. Very well. Do you understand what -- what normally happens in a stipulated waiver, and I'm assuming it's going to happen in this case, the parties agree to incorporate into the record, so to speak, all of the testimony that was given, that was elicited at the suppression hearing a few weeks back. Do you understand that?

[Appellant]: Yes.

THE COURT: In other words, all of that would be put into the record just as if it were given during an actual nonjury trial. Do you understand that?

[Appellant]: Yes.

THE COURT: And do you agree to that occurring?

[Appellant]: Yes.

N.T. Trial, 6/22/17, at 2-5.

Following the colloquy, the parties stipulated to the transcript of the suppression hearing, a photograph of the items the police seized from Appellant on September 17, 2016, the laboratory test results of the drugs seized from Appellant, and text messages. *Id.* at 5-7. The trial court convicted Appellant of two counts of possession with intent to deliver, one count of criminal use of a communication facility, two counts of possession of drug paraphernalia, and one count of possession of a controlled substance. *Id.* at 9. The trial court immediately proceeded to sentencing, and imposed an aggregate sentence of five to ten years' incarceration. *Id.* at 11-13.

Appellant timely appealed and argued that the trial court erred in denying his motion to suppress. This Court affirmed. ***Commonwealth v. Black***, 1147 MDA 2017, 2018 WL 1477037 (Pa. Super. filed Mar. 27, 2018) (unpublished mem). The Pennsylvania Supreme Court denied further review on October 29, 2018. ***Commonwealth v. Black***, 196 A.3d 615 (Pa. 2018).

On August 21, 2019, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition. The PCRA court convened an evidentiary hearing on January 16, 2020. N.T. PCRA Hr'g, 1/16/20, at 3.

Appellant's trial counsel testified about his advice to Appellant regarding the strategy to proceed with a stipulated bench trial. ***See id.*** at 3-8. Trial counsel testified that he became involved in Appellant's case after the suppression hearing. ***Id.*** at 4. Trial counsel concluded that, based on the evidence from the suppression hearing, Appellant was likely to be convicted. ***Id.*** at 5, 7. Trial counsel went over the strengths and weaknesses of the case with Appellant before trial. ***Id.*** at 7-8. He explained that his and Appellant's strategy was "basically [rely] on the appeal in this case. That's why we did a stipulated bench trial because we were going to appeal [the unfavorable] suppression ruling." ***Id.*** at 4. Trial counsel explained that if Appellant had entered a guilty plea, he would have waived the suppression issue for appeal. ***Id.*** at 7.

Trial counsel admitted by stipulating to the testimony from the suppression hearing that Appellant was effectively pleading guilty. ***Id.*** at 5-

6. He stated there was no opportunity to cross-examine witnesses during Appellant's stipulated trial. *Id.* at 6. Trial counsel did not recall if the trial court's colloquy informed Appellant that a stipulated bench trial was the equivalent of a guilty plea. *Id.* at 5. He also stated that "it wouldn't surprise me if that language wasn't specifically in the colloquy." *Id.*

Trial counsel stated that he could not remember whether Appellant had expressed a desire to challenge the evidence produced at the suppression hearing. *Id.* at 7-8. Trial counsel explained that if Appellant had expressed any hesitation about proceeding with a stipulated trial, he would have informed the trial court. *Id.* at 8. Appellant did not testify at the PCRA hearing. *Id.* at 8-9.

The PCRA court denied Appellant's petition by memorandum opinion and order dated January 24, 2020.[2] Appellant timely appealed and filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On February 14, 2020, the PCRA court issued a Rule 1925(a) opinion adopting its January 24, 2020 memorandum opinion.

On appeal, Appellant raises the following issue for our review:

_____

[2] The order is date-stamped January 24, 2020, and according to the trial court docket, the parties received the order by "e-Service" on February 11, 2020. The notice of appeal was timely filed on February 12, 2020. *See* Pa.R.Crim.P. 114(C)(2)(c) (requiring docket entries "shall contain" the "date of service of the order"); Pa.R.A.P. 108(a)(1), (d)(1) (stating that the date of entry of an order is the day the clerk of court mails or delivers copies of the order to the parties); Pa.R.A.P. 903(a) (stating that a notice of appeal shall be filed within thirty days after the entry of the order).

Did the PCRA [c]ourt err when it held that [Appellant] was not entitled to relief for ineffective assistance of counsel when counsel failed to object at a faulty colloquy to a stipulated bench trial, in which [Appellant] was not advised that such a trial was the functional equivalent of a guilty plea[?]

Appellant's Brief at 4.

Appellant argues that trial counsel was ineffective because he did not object to the trial court's colloquy regarding the stipulation and the waiver of his trial rights. *Id.* at 9-23. Appellant contends the colloquy was defective because it did not inform him that a stipulated trial is the functional equivalent to a guilty plea and did not inform him that he was giving up his right to cross-examine witnesses. *Id.* at 11-18 (citing, *inter alia*, **Commonwealth v. Eichinger**, 108 A.3d 821, 832 (Pa. 2014)). According to Appellant, trial counsel did not object to the colloquy because counsel believed that a stipulated bench trial was not the functional equivalent of a guilty plea. *Id.* at 19. Appellant argues that where counsel's actions were based on ignorance of the law about stipulated bench trials, there is no reasonable basis for counsel's actions. *Id.* at 19-20 (citing **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002)); *see also* Appellant's Reply Brief at 10-11 (citing **Commonwealth v. Kersteter**, 877 A.2d 466, 469 (Pa. Super. 2005)).

Appellant further argues that the PCRA court applied an incorrect prejudice standard. Specifically, Appellant claims that the PCRA court erred by concluding that Appellant was not prejudiced because his decision to proceed to a stipulated bench trial preserved his right to appeal the suppression issue. Appellant's Brief at 21-22. Appellant adds that "he does

- 8 -

not have to demonstrate that the outcome of a jury trial would have been more favorable than the bench trial." *Id.* at 21 (quoting *Commonwealth v. Mallory*, 941 A.2d 686, 703 (Pa. 2008)).  Instead, Appellant contends that the correct standard for prejudice is that there is a "reasonable probability that the result of the waiver proceeding would have been different absent counsel's ineffectiveness." *Id.* (quoting *Mallory*, 941 A.2d at 702-03). Appellant asserts that trial counsel's ineffectiveness resulted in prejudice here because if he had been informed that a stipulated bench trial was functionally equivalent to a guilty plea, he would not have waived his right to a jury trial. *Id.* at 22-23.

The Commonwealth responds that a colloquy about a defendant's decision to waive his right to a jury trial is not constitutionally required. Commonwealth's Brief at 4-5.  The Commonwealth asserts the instant colloquy was sufficient to establish Appellant understood he was giving up his right to cross-examine witnesses.  *Id.* at 6 (citing N.T. Trial at 4-5).  The Commonwealth contends that Appellant may not go back on the answers he gave to the trial court under oath.  *Id.* at 6-7.  The Commonwealth further argues that Appellant cross-examined the witnesses during the suppression hearing and has not established prejudice because he did not establish how further cross-examination of these witnesses at trial would have been beneficial to him.  *Id.* at 8.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the

evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (quotation marks and citation omitted). This Court "may affirm a decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's actions, even if we rely on a different basis." ***Commonwealth v. Moser***, 999 A.2d 602, 606 n.5 (Pa. Super. 2010) (citation omitted).

We presume that the petitioner's trial counsel was effective. ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa. Super. 2007). Generally, to establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Id.*** (citations omitted).

The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** (citations omitted). Moreover, "[a] failure to satisfy any prong of the ineffectiveness

test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

In **Eichinger**, our Supreme Court considered a defendant's claims that a stipulated bench trial colloquy was defective and that his prior counsel was ineffective for not objecting. In that case, the defendant waived his right to a jury and stipulated to the evidence against him for the guilt phase of a capital murder trial. **Eichinger**, 108 A.3d at 828. The defendant acknowledged that he had a right to a jury trial, the jury would be comprised of members of the community, he could participate in juror selection, and in order to be convicted, the jurors must unanimously find him guilty beyond a reasonable doubt. **Id.** at 832. The trial court asked the defendant if he understood that he was waiving his right to confront witnesses, and defendant replied that he did. **Id.** The trial court confirmed that the defendant understood the elements of murder and the possible penalties, which included the death penalty. **Id.** The trial court also asked the defendant that if he understood that by stipulating to the evidence, he would be found guilty of four counts of first-degree murder, and the defendant answered that he did. **Id.** at 832-33. During the penalty phase, the jury returned three death sentences. **Id.** at 829.

Subsequently, the defendant filed a PCRA petition arguing "the trial court's colloquy securing the waiver of his right to a guilt phase jury and his right to contest the evidence against him was constitutionally insufficient, and

all prior counsel were ineffective for failing to object to it." *Id.* at 831. The PCRA court denied relief. *Id.* at 830.

On appeal to our Supreme Court, the defendant conceded that the trial court's jury waiver colloquy "satisfied the Pennsylvania standard for a knowing, intelligent, and voluntary jury trial waiver," but claimed that the Pennsylvania standard did not meet federal constitutional requirements. *Id.* at 831. Specifically, the defendant claimed the colloquy failed to advise him of the rights to have a jury find all facts necessary to prove the elements of the offenses and to testify on his own behalf. *Id.* The *Eichinger* Court rejected that argument, explaining that "[a] jury trial waiver colloquy is a procedural device; it is not a constitutional end or a constitutional right. That which is not constitutionally required cannot be constitutionally defective." *Id.* at 831-32 (citation omitted and formatting altered).

As to the defendant's claim that the colloquy about his decision to stipulate to the evidence against him was defective, the *Eichinger* Court initially noted that "[a] colloquy ensuring a knowing and voluntary decision is required any time a defendant stipulates to evidence that virtually assures his conviction **because such a stipulation is functionally the same as a guilty plea**." *Id.* at 832 (citation omitted and emphasis added). Because a stipulation that assures a conviction is the functional equivalent of a guilty plea, the *Eichinger* Court then outlined the standard for reviewing the validity of a guilty plea. *Id.* at 832 (reiterating, in part, that "even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be

- 12 -

deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea" (citation omitted)). The **Eichlinger** Court concluded that

> [the colloquy] was more than sufficient to show [the defendant] understood the nature of stipulating to the evidence and that doing so could expose him to the death penalty. The trial court thoroughly questioned [the defendant], walking him step-by-step through the procedure for a stipulated trial, and he testified he understood at every point along the way.

*Id.* (record citation omitted).

In sum, the **Eichinger** Court concluded that there was "no merit to the argument the process used to secure [the defendant's] guilt phase jury waiver, or the process by which [the defendant] elected to stipulate to the evidence, was constitutionally defective." *Id.* at 833. The Court therefore held that counsel could not be deemed ineffective with respect to the colloquy. *Id.*

As to prejudice resulting from a claim that counsel should have objected to defects in a colloquy, it is well settled that a petitioner must show "actual prejudice" that the outcome of the proceeding would have been different. *See Commonwealth v. Birdsong*, 24 A.3d 319, 339 (Pa. 2011) (stating a defendant "must show that his understanding of the jury waiver was constitutionally impaired by his lawyer's deficient performance, as well as proof that he would have elected a jury but for his lawyer's performance" (citation omitted and formatting altered)); *see also Mallory*, 941 A.2d at 704

(holding that to establish prejudice for a claim of ineffective assistance of counsel resulted in a waiver of a jury trial, the petitioner "must demonstrate a reasonable probability that but for counsel's constitutionally deficient service, [petitioner] would not have waived his right to a jury trial"); *Commonwealth v. Rathfon*, 899 A.2d 365, 369-70 (Pa. Super. 2006) (explaining that in order to establish prejudice for a claim of ineffective assistance of counsel relating to a guilty plea, "the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial" (citation and quotation marks omitted)). In other words, the relevant inquiry when evaluating counsel's effectiveness with respect to a colloquy about the waiver of petitioner's trial rights is whether the petitioner would not have waived those rights but for counsel's ineffectiveness. *See Birdsong*, 24 A.3d at 339; *Mallory*, 941 A.2d at 704; *Rathfon*, 899 A.2d at 369-70. Furthermore, where a petitioner does not testify at the PCRA hearing and the uncontradicted testimony indicates petitioner's waiver of his right to a jury trial was knowing and voluntary, a petitioner has not established prejudice. *See Birdsong*, 24 A.3d at 341.

Here, the PCRA court held that

[Appellant's claim has no arguable merit] it was explained to [Appellant] the charges he was facing, that he discussed the decision to proceed to a stipulated waiver trial with his counsel, the possible penalties that he was facing, and the right to have a trial by jury by 12 members of the community. Additionally, this Court specifically explained to [Appellant] that he was presumed innocent and that it was the Commonwealth's burden to prove these charges and that [Appellant] had a right to participate in his defense. As such, the decision to have a waiver trial was

- 14 -

ultimately and solely the decision of [Appellant]. ***See Commonwealth v. Stokes***, 299 A.2d 272, 276 n.1 (Pa. 1973).

\* \* \*

At the PCRA hearing, the counsel in question presented testimony that his course of action was intended to preserve the right to appeal the denial of his omnibus pre-trial motion. No clear argument against this being a reasonable course of action was presented by [Appellant]. There was no claim of interference with [Appellant's] freedom to decide and [Appellant] pointed to no specific advice of counsel being unreasonable. This court finds that [Appellant's] former counsel did have a reasonable basis for his conduct. [Appellant] thus fails the second prong of the test.

Although the failure of any prong ends the analysis this court will also look at the final prong. The third prong requires evidence of prejudice to [Appellant]. [Appellant] must show that counsel's actions "deprive[d] the defendant of a fair trial, a trial whose result is reliable." ***Commonwealth v. Pierce***. 527 A.2d 973, 975 [(Pa. 1987)]; quoting ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). The right to appeal was preserved following this bench trial and [Appellant] provides no argument for prejudice resulting from the stipulated bench trial. The purpose of the stipulated bench trial was to preserve the suppression issue for appeal - as noted in the transcript of the colloquy.

From the testimony provided at the PCRA hearing, trial counsel informed his client of this strategy prior to the bench trial and they discussed the stipulated bench trial. [Appellant] further agreed to the incorporation of prior testimony at the suppression hearing during the colloquy. [Appellant] agreed to waive his right to a jury trial and was advised that it was still the Commonwealth's burden to prove his guilt beyond a reasonable doubt. The Commonwealth incorporated the testimony from the prior suppression hearing along with two additional exhibits. Based off the testimony at the suppression hearing, the exhibits introduced, and the laboratory report, [Appellant] was found guilty at Counts 1-5. [Appellant] was immediately sentenced and he was able to appeal directly to the Pennsylvania Superior Court. As such, [Appellant] has failed to establish that he was prejudiced by his decision to waive a jury trial.

PCRA Ct. Op., 1/24/20, at 3-5.

Following our review, we conclude that the trial court properly concluded that Appellant failed to establish that trial counsel lacked a reasonable basis for not objecting to the stipulated non-jury trial colloquy. Trial counsel explained that based on his evaluation of the evidence presented at the suppression hearing, he believed Appellant would be found guilty and the best course of action was to challenge the denial of the motion to suppress on appeal. *See* N.T. PCRA Hr'g at 5, 7. Therefore Appellant, on the advice of counsel, elected to proceed with a stipulated trial to preserve his suppression issue for appeal because a guilty plea would have waived that issue. *See id.* at 4, 7.

Further, the record belies Appellant's contention that trial counsel was unaware that a stipulated trial was the functional equivalent of a guilty plea. At the PCRA hearing, trial counsel testified that he could not recall the wording of the colloquy. *See id.* at 6. He also stated that he would not be surprised if the colloquy did not inform Appellant that a stipulated bench trial was the equivalent of a guilty plea. *See id.* Contrary to Appellant's argument, trial counsel did not state that he did not understand that a stipulated trial was the functional equivalent of a guilty plea. *See id.* at 6. Accordingly, Appellant's claim warrants no relief. *See Turetsky*, 925 A.2d at 880.

Moreover, although the PCRA court stated Appellant has not shown prejudice because his trial was fair and he preserved his right to appeal, our Supreme Court has emphasized that the proper prejudice inquiry requires determining whether but for counsel's errors, the petitioner would not have

waived his right to a jury trial. **See Birdsong**, 24 A.3d at 339; **Mallory**, 941 A.2d at 704. After careful review, we conclude that Appellant has not established prejudice for the following reasons. Here, Appellant pled that he was prejudiced in his amended petition, but he did not testify at the PCRA hearing and did not offer any evidence that he would have chosen to proceed with a jury trial or a non-stipulated bench trial. The PCRA court also found trial counsel's testimony that he informed Appellant of the strategy to proceed with a stipulated bench trial credible, and this Court is bound by that credibility determination. **See** PCRA Ct. Op. at 4; **Mitchell**, 105 A.3d at 1265. Therefore, Appellant has not proven prejudice because there is no evidence in the record that Appellant would have opted for a proceeding other than a stipulated bench trial if trial counsel objected during the colloquy. **See Mallory**, 941 A.2d at 704; **see also Birdsong**, 24 A.3d at 341.

In sum, we conclude that Appellant failed to establish the reasonable basis and prejudice prongs of his ineffective assistance of counsel claim. **See Daniels**, 963 A.2d at 419. Therefore, finding no error, and that the PCRA court's determinations are supported by the record, we affirm the PCRA court's denial of Appellant's PCRA petition. **See Ousley**, 21 A.3d at 1242; **see also Moser**, 999 A.2d at 606 n.5.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/08/2021