J-S38038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY JACKSON | : | |
| | : | |
| Appellant | : | No. 2765 EDA 2022 |

Appeal from the PCRA Order Entered October 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005760-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY J. JACKSON | : | |
| | : | |
| Appellant | : | No. 2767 EDA 2022 |

Appeal from the PCRA Order Entered October 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005896-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY J. JACKSON | : | |
| | : | |
| Appellant | : | No. 2768 EDA 2022 |

Appeal from the PCRA Order Entered October 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005897-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

|  | : |  |
|---|---|---|
| v. | : | |
| | : | |
| | : | |
| CORY J. JACKSON | : | |
| | : | |
| Appellant | : | No. 2769 EDA 2022 |

Appeal from the PCRA Order Entered October 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005898-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY J. JACKSON | : | |
| | : | |
| Appellant | : | No. 2770 EDA 2022 |

Appeal from the PCRA Order Entered October 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005905-2018

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED OCTOBER 30, 2023**

Cory J. Jackson (Jackson) appeals from the October 14, 2022 orders of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1] In 2018, Jackson was charged in the five above-captioned matters with a number of sexual assault offenses. He pled guilty in 2019 with the assistance of counsel

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

- 2 -

to a total of 14 counts and was then sentenced to an aggregate prison term of one to three years, followed by two years of probation. Jackson's central issue in his PCRA petition is that his trial counsel's ineffectiveness caused him to enter his pleas involuntarily. We affirm.

Jackson's plea hearing took place on June 25, 2019. *See* Plea Hearing Transcript, 6/25/2019, at pp. 1-17. At the hearing, the trial court conducted a colloquy at which Jackson was advised of the allegations against him, his right to go to trial and the consequences of entering a guilty plea. *See id*. at pp. 8-10. The prosecution recited the factual basis of each offense that Jackson pled guilty to and the trial court found that there was a factual basis for a guilty plea as to each offense. *See id*. at pp. 11-13.

Jackson indicated that he understood everything that had been explained to him during the colloquy and he verbally entered his guilty pleas. He also signed written guilty plea forms. Jackson assured the trial court under oath that no promises had been made to him in exchange for a guilty plea and that he was pleading guilty voluntarily. *See id*. at pp. 4-6.

The trial court accepted Jackson's guilty pleas, finding them to be knowingly, intelligently and voluntarily tendered. Sentencing was deferred until September 20, 2019, pending the preparation of a presentence investigation and mental health evaluation. Jackson failed to appear for his mental health evaluation and as a result of that delay, the sentencing was

held on December 30, 2019. Three days prior to sentencing, on December 27, 2019, Jackson's counsel moved to withdraw Jackson's guilty pleas.

On December 30, 2019, the trial court held a hearing on the motion to withdraw, at the end of which the motion was denied. The trial court imposed the sentence on that same date. On January 4, 2020, Jackson's counsel filed a motion for reconsideration of his sentence. That same day, counsel moved to withdraw from the case. The trial court granted the motion to withdraw on January 15, 2020, and new counsel was appointed. On July 22, 2020, Jackson's motion for reconsideration of sentence was denied by operation of law and no direct appeal was filed.

On September 25, 2020, Jackson timely filed the instant PCRA petition, *pro se*. PCRA counsel was appointed and on May 16, 2021, with the aid of counsel, Jackson filed an amended PCRA petition contending that his trial counsel was ineffective for failing to file a direct appeal as to the motion to withdraw his guilty pleas and his motion for reconsideration of sentence.

On October 8, 2021, the PCRA court held an evidentiary hearing on Jackon's post-conviction claims. At the hearing, Jackson testified that on the date of his sentencing, he had informed his trial counsel that he wanted to file an appeal to challenge his sentence and the denial of his motion to withdraw his guilty pleas.

Jackson's post-sentence counsel testified that he had received a communication from Jackson indicating that he wanted to file a direct appeal.

- 4 -

However, by that point, the 30-day period for filing a notice of appeal had already elapsed. Post-sentence counsel testified further that he had spoken with Jackson over the phone earlier when an appeal would have been timely, and Jackson had advised that he did not want to pursue a direct appeal. Trial counsel testified that Jackson had made no such request. *See* PCRA Hearing, 10/8/2021, at p. 17.

Counsel stated further at the hearing that Jackson had agreed with his advice to file a PCRA petition alleging that his prior counsel had been ineffective in failing to file a direct appeal. Following the evidentiary hearing, Jackson's PCRA counsel was permitted to file a supplemental PCRA petition, which included an additional claim that trial counsel had been ineffective in causing Jackson to enter involuntary or unknowing guilty pleas.

The PCRA court entered a notice of intent to dismiss the supplemental PCRA petition on September 13, 2022, pursuant to Pa.R.Crim.P. 907 to which Jackson did not file a response. Jackson's PCRA petition was dismissed on October 14, 2022.

Jackson timely appealed from the order dismissing his PCRA petition. He submitted a 1925(b) statement of errors asserting a single claim – that trial counsel's ineffectiveness had caused Jackson "to enter an unknowing or involuntary guilty plea." The PCRA court then filed a 1925(a) opinion outlining the reasons why its order dismissing Jackson's petition should be affirmed. *See* PCRA Court 1925(a) Opinion, 2/7/2023, at 6-10. In the opinion, the

PCRA court noted that Jackson had abandoned his ineffectiveness claim concerning trial counsel's failure to file a direct appeal. *See id*. at p. 6 n.8.

Our review of a PCRA court's denial of relief is limited to whether "the PCRA court's findings . . . are supported by the record and free from legal error." *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa. 2005). The PCRA court's findings are "viewed in the light most favorable to the prevailing party." *Id*.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002). "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." *Commonwealth v. Kersteter*, 877 A.2d 466, 468 (Pa. Super. 2005).

Counsel is presumed to be effective and a PCRA petitioner has the burden of proving ineffectiveness by a preponderance of the evidence. *See Commonwealth v. Pierce*, 527 A.2d 973, 975, 981 (Pa. 1987). A petitioner must establish that (1) the underlying claim has merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the defendant suffered prejudice as a result. *Commonwealth v. Burno*, 94 A.3d 956, 972 (Pa. 2014). The failure to satisfy any one of those three prongs is fatal to an ineffectiveness claim. *See Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018).

The law does not require that a defendant be pleased with the outcome of his decision to enter a guilty plea, only that his decision was made knowingly, voluntarily and intelligently. *See Commonwealth v. Andersen*, 995 A.2d 1184, 1192 (Pa. Super. 2010). A plea is voluntary if a guilty plea colloquy was conducted and it was evident that a defendant understood the nature of the charges against him. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001).

Once a defendant has entered a plea of guilty, it is presumed to be voluntary. *See Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. *See Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004).

"A defendant is bound by the statements that he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." *McCauley*, 797 A.2d at 922 (citation omitted); *see also Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (same).

In the present case, Jackson participated in an oral and written colloquy, which both established that his guilty pleas were knowingly and voluntarily entered with full knowledge of the possible sentence, and that no promises were made to him about the sentence he would receive in exchange for a plea.

The written colloquies and the oral colloquy informed Jackson that if proven guilty, he faced a significantly longer sentence than the one he would go on to receive after his pleas were entered. The colloquies also confirmed that Jackson had not been induced to enter his pleas due to promises or threats. He stated that he was entering the pleas voluntarily and that he had, to his satisfaction, discussed the prospect of entering guilty pleas with his counsel. *See* Plea Hearing Transcript, 6/25/2019, at pp. 5-11.

Significantly, Jackson has been unable to proffer any evidence that his pleas resulted from coercion or the ineffectiveness of counsel. He instead asserts that on the day he entered the pleas, his counsel had advised that the trial court would grant the Commonwealth a continuance if he did not plead guilty, delaying his release from custody. *See* Appellant's Brief, at 16.

The asserted factual basis of Jackson's sole post-conviction claim contradicts the transcription of the plea hearing. Jackson advised the trial court on the date of the pleas' entry that he had already been released from jail. Jackson did not explain in his PCRA petitions or appellate brief why counsel's purported advice was inaccurate, let alone coercive. Jackson is also bound by the sworn statements he gave at his plea hearing, including his assurances to the trial court that he understood the nature of the proceedings and the fact that he had in no way been compelled to enter a plea against his will. *See McCauley*, 797 A.2d at 922. Thus, no relief is due because Jackson

has failed to establish the underlying merit of his claim that his guilty pleas were induced by counsel's ineffectiveness.

Orders affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2023