J-S39035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN MATTHEW SOWERS | : | |
| | : | |
| Appellant | : | No. 687 MDA 2023 |

Appeal from the Order Entered April 14, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000882-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:     **FILED: DECEMBER 7, 2023**

John Matthew Sowers (Appellant) appeals *pro se* from the April 14, 2023, order entered in the Adams County Court of Common Pleas, denying his petition for a writ of *coram nobis*. The trial court determined that Appellant was attempting to withdraw his guilty plea and denied relief on the merits. We conclude that the petition should have been treated as a request for relief under the Post Conviction Relief Act (PCRA).[1] As Appellant's only criminal sanction was a fine, he is ineligible for PCRA relief. We affirm on that alternative basis.

---

[1] 42 Pa.C.S. §§ 9541-9545.

The underlying facts are largely immaterial to our disposition. Briefly, the Commonwealth alleged that Appellant confronted his neighbor.[2] During the ensuing verbal altercation Appellant threw a rock and shoved the neighbor to the pavement. A witness told police that Appellant took out a pocketknife and made threatening remarks. The Commonwealth charged Appellant with one count of terroristic threats and one count of summary harassment.[3] Both charges were held for court following a preliminary hearing.

On September 19, 2022, the parties entered into a negotiated plea agreement. In exchange for the Commonwealth withdrawing terroristic threats, Appellant pled guilty to harassment. The trial court immediately sentenced Appellant to a $200 fine and all associated court costs and fees.

Appellant did not file post-sentence motions or a direct appeal. On March 31, 2023, Appellant filed a *pro se* document, titled "Writ in Error *Coram Nobis.*" Appellant alleged that the sentence "was imposed on the basis of facts that were materially untrue." Appellant's *Coram Nobis* Petition at 1. Appellant further alleged that he pled guilty "to a crime he did not commit and a statute he did not violate," and requested whatever relief the court deemed appropriate. ***Id.***

---

[2] This factual summary is taken from a police report attached as an exhibit to Appellant's petition. **See** Appellant's Petition for Writ in Error *Coram Nobis* (Appellant's *Coram Nobis* Petition), 3/13/23, at Exhibit "#2."

[3] 18 Pa.C.S. §§ 2706(a)(1) and 2709(a)(1), respectively.

On April 14, 2023, the court issued an order denying Appellant's petition, on the basis it "is essentially a post-sentence request to withdraw a guilty plea." Order, 4/14/23, at 1. The court deemed this request "untimely and without merit and is therefore denied." *Id.* Appellant filed a timely notice of appeal, and the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal within 21 days. The court also informed Appellant that failure to comply with its order "shall result in waiver of all issues." Order, 5/10/23, at 1.

Meanwhile, on May 8, 2021, the Pennsylvania Supreme Court docketed Appellant's petition for a writ of *habeas corpus*, which it received on April 13, 2023. This petition substantively raised the same issues as the instant petition. The Supreme Court denied the petition on September 5, 2023. *See Commonwealth v. Sowers*, 54 MM 2023 (Pa. Sept. 5, 2023) (*per curiam* order).

Appellant failed to file a concise statement and as a result the trial court's Rule 1925(a) opinion deemed all issues waived. *See* Trial Ct. Op., 6/6/23, at 1. Appellant raises the following issues on appeal.

1. Did the [trial] court err in denying the Appellant's writ in error *coram nobis*?

2. Did the [trial] court err by characterizing and dismissing the Appellant's writ in error *coram nobis* as a meritless attempt to withdraw a guilty plea?

3. Did the Commonwealth or magistrate judge establish a *prima facie* case against the Appellant for the charge of harassment before holding the Appellant for court on that charge?

- 3 -

4. Did the Commonwealth or magistrate show the necessary *mens rea* to charge the Appellant with harassment?

5. Did the Commonwealth and magistrate judge violate the Appellant's constitutional and due process rights by failing to establish *mens rea* or a prima facie case against the Appellant for the charge of harassment?

6. Did the Commonwealth show that the Appellant committed an actual violation of the harassment statute by tossing a rock, in play, a singular time, towards an individual's foot, or were the Appellant's actions a *de minimis* infraction that should have been or should be dismissed?

7. Did the [trial] court err by not dismissing the charge of harassment against the Appellant as a remedy for a crime that the Appellant pled guilty to but did not commit that continues to adversely affect the Appellant in a grievous and unconstitutional manner in the form of loss of liability for a parole violation and a parole denial?

8. Do the errors involved invalidate the Appellant's plea proceeding of September 19, 2022?

Appellant's Brief at 3 (unpaginated).

Initially, we decline to deem all issues waived due to Appellant's failure to file a concise statement as ordered. Appellant concedes that he failed to comply with the trial court's Rule 1925(b) order, alleging that he refrained from filing the statement due to uncertainty of the court's jurisdiction to act after the Supreme Court docketed his petition for a writ of *habeas corpus*. **See** Appellant's Brief at 12 (unpaginated). While Appellant could have apprised the court of that issue or sought a clarification or extension, we acknowledge that the Supreme Court received Appellant's petition one day before the trial court denied Appellant's petition. Furthermore, the trial court's

- 4 -

Rule 1925(b) order was issued two days after the Supreme Court docketed the petition. We decline to address *sua sponte* what effect, if any, these events had on the trial court's ability to proceed, as we conclude that Appellant was not entitled to relief in any event.

The trial court did not determine whether Appellant's petition should have been treated as a PCRA petition. Section 9542 of the PCRA states the Act "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. Appellant's judgment of sentence became final on October 19, 2022, 30 days after he was sentenced. **See** 42 Pa.C.S. § 9545(b)(3) (defining finality of judgment where no direct appeal is filed as the expiration of time for seeking that review); **see also** Pa.R.A.P. 903(c)(3) (stating that notice of appeal must be filed within 30 days of judgment of sentence in open court where no post-sentence motions have been filed). His March 31, 2023, petition for a writ of *coram nobis* was, therefore, facially subject to the PCRA.

As Appellant had no opportunity to address this analysis, we observe that Section 9542 is not read literally, as a writ may be obtained if the claim "falls outside the ambit of the potential claims cognizable under the PCRA." **Commonwealth v. West**, 938 A.2d 1034, 1044 (Pa. 2007) (holding that petition for a writ of *habeas corpus* based on nine-year delay between sentencing and commencement of incarceration was reviewable outside of the

PCRA). We thus look beyond the caption to determine whether Appellant's request for relief is cognizable under the PCRA. **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) ("Misdesignation does not preclude a court from deducing the proper nature of a pleading."). In **Scott v. Pennsylvania Bd. of Prob. & Parole**, 284 A.3d 178, 189 (Pa. 2022), the Supreme Court stated that cases like **Porter** "indicate that a court should examine the arguments and the requested relief to discern the true 'nature' of the claim." **Id.** at 189.

Examining the arguments and Appellant's requested relief, Appellant challenged trial counsel's stewardship. Appellant maintained that he did not commit harassment as the thrown rock "did not touch" the victim and the statute requires physical contact. Appellant's *Coram Nobis* Petition at 1.[4] Appellant thus "ultimately pled guilty . . . without ever having violated the statute." **Id.** Appellant stated that he "was represented by paid counsel who did not notice" the errors alleged by Appellant within the petition at issue. **Id.** Appellant therefore alleges that counsel ineffectively advised Appellant to accept the negotiated guilty plea. This claim is cognizable under the PCRA. "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary

---

[4] Appellant's petition does not address the allegation that he shoved the victim to the ground.

plea of guilty." ***Commonwealth v. Kersteter***, 877 A.2d 466, 468 (Pa. Super. 2005).

Because this claim is cognizable under the PCRA, we must treat it as such. "[T]he General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001). Additionally, "the timeliness of any PCRA petition is a jurisdictional requisite." ***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa. Super. 2019). "It is not this Court's role to override the gatekeeping function of the PCRA time-bar and create jurisdiction where it does not exist." ***Commonwealth v. Lee***, 206 A.3d 1, 11 (Pa. Super. 2019).

As this was Appellant's first request for collateral relief, we would normally be required to remand for appointment of counsel. Rule of Criminal Procedure 904(C) states that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). A violation

of this rule-right based to counsel[5] requires a remand, even if the petition is facially untimely. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1288 (Pa. Super. 2011) (remanding for appointment of counsel despite petition's facial untimeliness); **Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1998) ("The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel."). However, a petitioner's statutory ineligibility for relief is an exception to this procedure.

> This [C]ourt has held that the failure to appoint counsel for a petitioner under the PCRA who has served his sentence is harmless error, and that a remand for appointment of counsel is not appropriate, as a remand would be futile under such a circumstance. The purpose for appointing counsel for a first-time petitioner, even where the petition appears to be untimely filed, is for the petitioner to attempt to establish an exception to the one-year time limitation. Obviously, where the petitioner is no longer serving a sentence of imprisonment, probation or parole, establishing such an exception is a legal impossibility, as the statute no longer applies. The law does not require the performance of a futile act.

**Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006) (citations omitted).

Appellant's sentence was limited to a fine, and he was therefore ineligible for PCRA relief. **See** 42 Pa.C.S. § 9543(a)(1)(i) ("To be eligible for relief under this subchapter, the petitioner must [be] . . . currently serving a

---

[5] Appellant was represented by private counsel during his plea proceedings. The court granted Appellant *in forma pauperis* status during these proceedings.

sentence of imprisonment, probation or parole for the crime[.]");
*Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997) (holding that Section 9543(a)(1)(i) "precludes relief for those petitioners whose only uncompleted aspect of their sentence is the payment of a fine") (footnote omitted).[6]  Appellant's statutory ineligibility therefore does not require a remand for the appointment of counsel under Rule 904.  As the trial court lacked jurisdiction to address Appellant's petition, we affirm on that basis.[7]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/07/2023

---

[6] In *Commonwealth v. Delgros*, 183 A.3d 352, 353 (Pa. 2018), the Supreme Court announced that the statutory inability to seek PCRA relief from a sentence imposing only a fine warranted an exception to the general rule that collateral claims cannot be raised on direct appeal.  The *Delgros* Court noted that its holding did not disturb cases, like *Fisher*, construing the PCRA's eligibility provisions.  *Id.* at 362-63.  Thus, Appellant could have raised his ineffectiveness claims on direct appeal.

[7] "It is well-settled that this Court may affirm a trial court's ruling on any basis." *Commonwealth v. Kennedy*, 151 A.3d 1117, 1127 n.14 (Pa. Super. 2016).